Robert McGRUDER, Plaintiff-Appellant,

v.

Albert L. NECAISE, William Eugene Henry and State of Mississippi, Defendants-Appellees.

No. 83–4570
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 8, 1984.

---

Toxey H. Smith, Jr., Biloxi, Miss., for plaintiff-appellant.

William A. Allain, Atty. Gen., Bill Patterson, Asst. Atty. Gen., and R. Lloyd Arnold, Sp. Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before REAVLEY, RANDALL and WILLIAMS, Circuit Judges.

REAVLEY, Circuit Judge:

We must determine whether certain threats allegedly made by the individual defendants during the course of plaintiff's prosecution were within the immunity extended to prosecutors and whether the State of Mississippi was entitled to its immunity under the Eleventh Amendment. The district court upheld both immunities and dismissed the complaint. We affirm.

## I

According to plaintiff's allegations, which we take as true, Robert McGruder was arrested in September 1981 and charged with stealing a small amount of beer. A Mississippi grand jury later indicted him as an habitual offender, and he was incarcerated in Biloxi, Mississippi. McGruder was seriously injured in a fire at the Biloxi jail in November 1981 and filed a civil action in federal court seeking compensation for his injuries from the county Board of Supervisors, the sheriff, and others.

In February 1983, District Attorney Albert Necaise authorized his assistant, William Henry, to offer to drop all criminal charges against McGruder if he would dismiss his civil action for damages relating to the fire. Henry extended the offer, or threat, to McGruder's court-appointed defense attorney, who communicated the offer to McGruder in late February. McGruder rejected the offer when told of it and repeated his rejection in early March. On March 15, 1983, Henry met with McGruder and his attorney and suggested to McGruder that he would not be able to spend his damages recovery from prison. McGruder rejected the offer again. He was convicted two days later and sentenced as an habitual offender to life in prison without possibility of parole. His appeal is pending before the Mississippi Supreme Court.

McGruder filed this action in April 1983 against Necaise, Henry, and the State of Mississippi. He alleges that the defendant's threats violated his right to "free and equal" access to the courts. Count one seeks damages under 42 U.S.C. § 1983; counts two and three seek an injunction against future threats by these defendants against McGruder or any other person who has filed or will file a civil action in connection with the fire at the Biloxi jail.[1] The defendants moved to dismiss, arguing that the state was immune from suit under the Eleventh Amendment and that the individual defendants were immune as prosecutors.

---

1. Plaintiff alleges that the fire killed 29 inmates. The complaint contains no class action allegations, and plaintiff did not move to certify a class.

The district judge agreed and dismissed, apparently without a hearing, under Rule 12(b)(6), Fed.R.Civ.P.

## II

*Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), held that prosecutors enjoy absolute immunity from damages liability under section 1983 for alleged civil rights violations committed in the course of "initiating a prosecution and presenting the State's case." *Id.* at 431, 96 S.Ct. at 995. The scope of this immunity depends not on the defendant's status as a prosecutor, but on "the functional nature of the activities" of which the plaintiff complains. *Id.* at 430, 96 S.Ct. at 995. *See Butz v. Economou,* 438 U.S. 478, 510–11, 98 S.Ct. 2894, 2912–13, 57 L.Ed.2d 895 (1978); *Marrero v. City of Hialeah,* 625 F.2d 499, 503–06 (5th Cir.1980), *cert. denied,* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981). We have since decided a spate of cases in an effort to frame the scope of *Imbler's* functionally defined prosecutorial immunity. *Compare McCoy v. Gordon,* 709 F.2d 1060 (5th Cir.1983) (presenting perjured testimony) *and Bruce v. Wade,* 537 F.2d 850 (5th Cir.1976) (decision to prosecute after grand jury's no true bill; subornation of perjury) *with Ryland v. Shapiro,* 708 F.2d 967 (5th Cir.1983) (covering up murder) *and Marrero* (defamation; participation in unlawful search and seizure). This case requires us once again to consider whether certain activities are within the prosecutorial function under *Imbler.*

■ The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function. These defendants allegedly used their prosecutorial powers to threaten McGruder into dismissing his damages suit. McGruder therefore argues that their activities were not those of a prosecutor seeking to punish and deter crime, but of an agent of the county seeking to intimidate a citizen in his exercise of constitutional rights. Such a motivation would be reprehensible and such threats abhorent, but they do not lift the decision to maintain a criminal prosecution from the prosecutorial activities protected by *Imbler. See Boyd v. Adams,* 513 F.2d 83 (7th Cir.1975) (anticipating *Imbler* test; dismissal of charges in return for release was within immunity).

Our language in *Henzel v. Gerstein,* 608 F.2d 654, 657 n. 4 (5th Cir.1979), is not to the contrary. The prosecutor in that case allegedly acted with the same motive as Necaise and Henry—to intimidate Henzel into agreeing not to sue state officials. But the *Henzel* prosecutor's activities— conditioning parole on an agreement not to sue—were not those protected by *Imbler.* In contrast, Henry and Necaise sought to "persuade" with their prosecutorial power, and therefore remained within the field of their prosecutorial immunity.

■ We therefore agree that Henry and Necaise are immune from damages liability for the conduct alleged in this complaint. McGruder also sought injunctive relief, but has not argued that dismissal of that claim was error. We will not consider issues not briefed. *Bray v. Director, Office of Worker's Compensation,* 664 F.2d 1045, 1048–49 (5th Cir.1981); *Kemlon Products & Development Co. v. United States,* 646 F.2d 223 (5th Cir.) (on rehearing), *cert. denied,* 454 U.S. 863, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981).

## III

■ Finally, McGruder challenges the dismissal of the State of Mississippi. His only argument on appeal is that the Eleventh Amendment and the related doctrine of sovereign immunity have outlived their usefulness. We do not agree. *See Pennhurst State School & Hospital v. Halderman,* —— U.S. ——, ——, 104 S.Ct. 900, 906–09, 79 L.Ed.2d 67 (1984); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam).

AFFIRMED.