Nick CONDOS and Georgia
Condos, Plaintiffs,

v.

Sally CONFORTE, Jack Christensen,
David Burgess and The County of
Storey, Defendants.

No. CV–R–81–296–ECR.

United States District Court,
D. Nevada.

Oct. 5, 1984.

G.C. Backus, Reno, Nev., for plaintiffs.

Pete Perry, Stanley H. Brown, Chartered, Stanley H. Brown, Sr., Stanley H. Brown, Jr., Reno, Nev., for Sally Conforte and David Burgess.

Cromer, Barker, Michaelson, Gillock & Rawlings by Ken Bick, Reno, Nev., for Jack Christensen and Storey County.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The plaintiffs have objected to the Report and Recommendation of U.S. Magistrate Phyllis Halsey Atkins, wherein she has recommended that the motion for summary judgment by defendants Jack Christensen and the County of Storey be granted. On the other hand, said defendants have moved to strike, pursuant to Fed.R. Civ.P. 12(f), a certain portion of the plaintiffs' Objection to Magistrate's Report, the affidavit of plaintiff Nick Condos attached thereto, and a subsequently filed affidavit of attorney Lawrence J. Semenza. Since the resolution of the motion to strike affects the contents of the record this Court will consider in determining the issues raised by the plaintiffs' Objection, that motion will be resolved first.

■ The portion of the Plaintiffs' Objection that the defendants have asked the Court to strike commences on line 12 of page 11 and ends on line 15 of page 12. It contains allegations concerning defendant Sally Conforte's husband, Joe Conforte. Mr. Conforte is not a party to the instant action. The plaintiffs' Objection is meant to influence this Court in its consideration of the Magistrate's recommendation that summary judgment be granted. Therefore, the method of presenting any facts would have to comply with Fed.R.Civ.P. 56, which requires that evidentiary facts be submitted in the form of affidavits or sworn copies of documents. Since the allegations are not in conformity with the Rule, the defendants' motion to strike will be granted as to the plaintiffs' Objection to Magistrate's Report.

The affidavit of Nick Condos indicates personal knowledge of facts relevant to the claim for relief set forth in the Complaint. However, it was submitted subsequent to the filing of the Magistrate's recommendation, so that the Court has discretion to accept or reject it. Fed.R.Civ.P. 6(d). Bearing on the exercise of this discretion, it is noted that the moving defendants have attached an affidavit of defendant Jack Christensen to one of their memoranda of points and authorities in opposition to the plaintiffs' Objection. That affidavit, also, was untimely. Nevertheless, it does contain declarations relevant to the same issues touched on in Mr. Condos' affidavit. Mr. Christensen's affidavit also indicates his personal knowledge of the matters contained therein. Therefore, the Court will accept both affidavits as additional evidence as provided for in Fed.R.Civ.P. 72(b), and will deny the defendants' motion to strike Mr. Condos' affidavit.

■ Mr. Semenza's affidavit consists of a learned discussion as to the law of "probable cause" and his expert opinion as to the propriety of the procedures followed in connection with the preparation of the criminal complaint against Mr. Condos. It amounts to legal argument rather than evidentiary facts. As such, it should not be treated as factual support for the plaintiffs' opposition to the motion for summary judgment. It will be ordered stricken.

The Complaint herein alleges that the defendants conspired to deprive the plaintiffs of due process and equal protection in their dispute with defendant Sally Conforte. The action is based on 42 U.S.C. §§ 1983, 1985 and 1986. The main contentions of the plaintiffs have been that the defendants falsely had Mr. Condos charged with embezzlement from defendant Sally Conforte and that defendant Christensen, then the District Attorney of Storey County, threatened the life of Mr. Condos. Both acts purportedly were meant to induce the latter to move out of Mrs. Conforte's trailer park. If he would move, the embezzlement charge would be dismissed.

Magistrate Atkins' Report and Recommendation reflects a thorough study of the

facts and law of the case. She found that the circumstances put forth by the plaintiffs failed to support a claim of conspiracy as against defendants Christensen and Storey County. The Magistrate found a lack of evidence to show that the moving defendants shared a conspiratorial agreement to deprive the plaintiffs of their federal rights. She also held that defendant Christensen falls within the protection of the absolute immunity accorded prosecutors acting within the scope of their authority in preparing, investigating and prosecuting a case.

As to defendant Storey County, Magistrate Atkins held that the plaintiffs had failed to allege any facts that would provide a basis for direct liability. She also noted that a county may not be held liable vicariously merely as the employer of a wrongdoer.

The plaintiffs' Objection to the Magistrate's recommendation that summary judgment be granted the moving defendants starts out with the argument that a justice of the peace's issuance of the warrant for Mr. Condos' arrest did not constitute the legal proximate cause of the plaintiffs' damages, so that it should not have served to insulate those defendants from liability in this civil rights suit. Also, the plaintiffs cannot accept the concept that defendant Christensen's actions, in coming to their home and purportedly threatening the safety of Mr. Condos if he didn't move, fell within the scope of Mr. Christensen's authority as district attorney. They further emphasize that a conspiratorial agreement can often best be shown by the circumstances, and they point out the circumstances from which a conspiracy may be inferred here.

■ Prosecutors are entitled to absolute immunity from liability for damages in civil rights actions. *Supreme Court of Va. v. Consumers Union,* 446 U.S. 719, 736, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980). The plaintiffs' Complaint also asks for injunctive relief against State court prosecution and expungement of the criminal record of plaintiff Nick Condos. Defend-

ant Christensen no longer is the District Attorney of Storey County, however, therefore he would not be a proper target for such injunctive relief.

■ Absolute immunity as to damages exists if the prosecutor was acting in a quasi-judicial capacity within the scope of his authority. *Beard v. Udall,* 648 F.2d 1264, 1271 (9th Cir.1981). The scope of authority test is to determine whether the prosecutor performed a kind of act obviously beyond his authority or, rather, whether the act had more or less connection with the general matters committed to his control or supervision. *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 678 (9th Cir.1984). The focus of analysis in deciding whether the prosecutor was acting in a quasi-judicial capacity is on the nature or function of the activity. *Ibid.; McGruder v. Necaise,* 733 F.2d 1146, 1148 (5th Cir.1984). If it was prosecutorial in nature, there is immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 810–811, 102 S.Ct. 2727, 2734–2735, 73 L.Ed.2d 396 (1982). So long as the actions were performed as part of his prosecution of a case, the immunity attaches; it doesn't matter that they could be characterized as investigative or administrative. *Demery v. Kupperman,* 735 F.2d 1139, 1143 (9th Cir.1984); *Freeman ex rel. The Sanctuary v. Hittle,* 708 F.2d 442, 443 (9th Cir.1983). Actions outside the courtroom may be part of the prosecutorial function. *Ybarra* at 678. Further, the time of the activity is not controlling, because the immunity applies to pre-litigation and post-litigation actions as well as those that occur in the very midst of the litigation. *Demery* at 1144.

■ The intent of the prosecutor is not a factor in deciding whether immunity applies, for the analysis is objective. *Ybarra* at 679. Even if he was motivated by malice, his actions that were part of the prosecutorial function will not subject him to liability for damages. *Sykes v. State of California (Dept. of Motor Vehicles),* 497 F.2d 197, 200 (9th Cir.1974). Since neither timing nor state of mind are considerations, such activities as the filing of criminal complaints, the institution of proceedings for the arrest of a person suspected of criminal

activities, and the drawing of criminal informations are automatically entitled to immunity. *Ibid.* The decision to initiate, maintain or dismiss criminal charges is at the core of the prosecutorial function. *McGruder* at 1148; *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); *Sykes* at 201. The claim that the plaintiff's arrest and prosecution were part of a conspiracy against him does not defeat immunity. *Smart v. Jones,* 530 F.2d 64, 65–66 (5th Cir.1976). Even if the purpose of plaintiff Nick Condos' arrest was to extort money from him or to intimidate him into dismissing a civil action, immunity attaches. *McGruder* at 1148; *United States ex rel. Rauch v. Deutsch,* 456 F.2d 1301, 1302 (3rd Cir.1972).

The plaintiffs have spotlighted the Ninth Circuit civil rights case of *Beard v. Udall,* 648 F.2d 1264 (1981). There, the county attorney, who was allowed to have a private practice, had charged the plaintiff with kidnapping. The county attorney also represented a private client in a civil action against the plaintiff. The plaintiff charged that the county attorney had filed the criminal charges against him to further the civil action, even though he knew the charges were baseless. The Ninth Circuit opinion held that where a prosecutor faces an actual conflict of interest, and files charges he knows to be baseless, he is acting outside the scope of his authority and lacks immunity.

 In the instant action, it is uncontroverted that defendant Sally Conforte was not the client of defendant Christensen at the time of the criminal prosecution of plaintiff Nick Condos. Nor can it be said that then-District Attorney Christensen knew the embezzlement charges to be baseless, for he had been provided with bookkeeping records that indicated a failure by Mr. Condos properly to account for monies he had collected as manager of Mrs. Conforte's trailer park. Further, a justice of the peace ordered the issuance of the arrest warrant for Mr. Condos. The responsibility of the prosecutor terminates when the arrest is made pursuant to court order; the order itself becomes the proximate cause of the plaintiff's injury. *See*

*Hoffman v. Halden,* 268 F.2d 280, 296, 297 (9th Cir.1959), overruled on another ground in *Cohen v. Norris,* 300 F.2d 24, 29–30 (9th Cir.1962); *Houston v. Humboldt County,* 561 F.Supp. 1124, 1127–1128 (D.Nev.1983), aff'd 725 F.2d 516 (9th Cir.1984). The exception to this rule noted in *Hoffman* at 297 and *Houston* at 1127—where the judge who ordered the arrest or detention had been deceived or hoodwinked by the prosecuting authorities, those authorities may be deemed to have proximately caused the plaintiff's damages—is not applicable under the facts of the instant proceeding.

The Magistrate's recommendation, that summary judgment be granted defendant Jack Christensen, is accepted.

 The immunity of its former District Attorney does not extend to defendant County of Storey. *Owen v. City of Independence,* 445 U.S. 622, 650, 100 S.Ct. 1398, 1415, 63 L.Ed.2d 673 (1980). Nevertheless, the claims for relief based on 42 U.S.C. §§ 1985 and 1986 may be treated quite summarily. § 1985 is limited to conspiracies motivated by racial or other class-based discriminatory animus. *Mollnow v. Carlton,* 716 F.2d 627, 628 (9th Cir.1983); *Blevins v. Ford,* 572 F.2d 1336, 1338 (9th Cir.1978). The plaintiffs have neither alleged nor offered any evidence to indicate that the defendants were so motivated. An indispensible prerequisite for a § 1986 claim is the existence of a conspiracy actionable under § 1985. *Wagar v. Hasenkrug,* 486 F.Supp. 47, 51 (D.Mont.1980); *Kedra v. City of Philadelphia,* 454 F.Supp. 652, 663 (E.D.Pa.1978). Since a claim for relief under § 1985 has not been stated, the plaintiffs cannot prevail under § 1986, either.

 A civil claim for relief based on conspiracy may be brought under 42 U.S.C. § 1983. *Hoffman* at 293. The plaintiffs have sufficiently alleged that the County knew of the practices complained of and ratified the same by deliberate inaction. *See Guillory v. County of Orange,* 731 F.2d 1379, 1382 (9th Cir.1984).

The particular activities of the defendants spotlighted by the plaintiffs in their submissions opposing the motion for sum-

mary judgment are threefold: (1) The admitted practice of then-District Attorney Christensen in signing criminal complaints, purportedly as a courtesy to non-residents of the County seat, Virginia City; (2) use of the criminal prosecution to coerce the plaintiffs to move away from Mrs. Conforte's trailer park, which remedy was being sought by her in ongoing civil proceedings; and (3) Mr. Christensen's making of a purported threat to Mr. Condos' safety if the latter refused to move.

The signing of the criminal complaints by the District Attorney will not render the County liable because, as discussed above, such a signing was not the legal proximate cause of the plaintiffs' damages. This was the only activity that can be construed as a policy, practice or custom of Storey County. There has been no evidence presented that would indicate the actions of Mr. Christensen in seeking to coerce and threaten Mr. Condos were other than isolated occurrences, as contrasted to a practice or custom. For a governmental entity to be held liable under § 1983 it must be shown that official policy, practice or custom was responsible for the deprivation of the plaintiffs' rights. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690–691, 98 S.Ct. 2018, 2035–2036, 56 L.Ed.2d 611 (1978); *Ybarra* at 681. This requirement applies regardless of whether monetary or equitable relief is sought. *Monell* at 690, 98 S.Ct. at 2035.

The Court accepts the recommendation of Magistrate Atkins that the motion for summary judgment by Storey County be granted.

Because intent is an element of a claim of conspiracy, such a claim often cannot be decided via a motion for summary judgment. *Fonda v. Gray,* 707 F.2d 435, 438 (9th Cir.1983). The mere fact that a conspiracy is alleged, however, will not defeat an adequately supported motion. *Ibid.* Even after viewing the evidence in the light most favorable to the plaintiffs, no genuine issue of material fact has been found. Defendants Jack Christensen and County of Storey are entitled to judgment as a matter of law.

IT IS, THEREFORE, HEREBY ORDERED as follows:

1. The moving defendants' motion to strike that portion of the plaintiffs' Objection to Magistrate's Report found between line 12 of page 11 and line 15 of page 12 be, and the same hereby is, GRANTED.

2. The moving defendants' motion to strike the affidavit of plaintiff Nick Condos be, and the same hereby is, DENIED.

3. The moving defendants' motion to strike the affidavit of Lawrence J. Semenza be, and the same hereby is, GRANTED.

4. The motion of defendant Jack Christensen for summary judgment be, and the same hereby is, GRANTED.

5. The motion of defendant County of Storey for summary judgment be, and the same hereby is, GRANTED.