755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNNIE W. GREEN, PETITIONER-APPELLANT,
v.
TED ENGLE, RESPONDENT-APPELLEE.
 NO. 84-3125
 United States Court of Appeals, Sixth Circuit.
 1/24/85
 
 ORDER
 BEFORE: KENNEDY, CONTIE and MILBURN, Circuit Judges.
 
 
 1
 This Ohio State prisoner appeals from a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Petitioner attacked his 1981 jury convictions of breaking and entering and possession of criminal tools for which he was sentenced to two consecutive terms of two to five years imprisonment. After the petition was initially dismissed for petitioner's failure to exhaust his state court remedies, the petitioner amended his petition by deleting his claim of ineffective assistance of counsel. An Ohio State court also dismissed an appeal which had been brought by this petitioner which thereby caused the petitioner to have fully exhausted his state court remedies as to the two remaining issues which he sought to raise in his federal habeas corpus action. Petitioner attacked his convictions on the grounds that the trial court deliberately suppressed evidence favorable to the defense and that he was denied the right to cross-examine his co-defendant.
 
 
 2
 Upon review of the cause, the district court dismissed the petition because petitioner had failed to establish cause and prejudice for his failure to present his first issue to the state courts, and because his second claimed error was harmless beyond any doubt. On appeal, petitioner claims that it is a contradiction and denial of due process to rule that he exhausted his remedies and yet also conclude that he waived his right to present the claim in a federal habeas corpus proceeding.
 
 
 3
 Upon our own careful review of this cause, this Court concludes that the district court properly dismissed petitioner's action for the reasons given by it. Petitioner's failure to raise his first claim does not raise an issue of exhaustion, see Engle v. Isaac, 456 U.S. 107 (1982), rather, the problem is whether the petitioner can show cause and actual prejudice excuse his failure to present the issue in the Ohio courts. Engle v. Isaac, supra; Meeks v. Bergen, ---- F.2d ----, slip op. 83-1578 (6th Cir. November 27, 1984); Fornash v. Marsha l, 686 F.2d 1179 (6th Cir. 1982). In this case, the petitioner clearly has not shown any cause much less actual prejudice to explain why his counsel decided to not raise this issue on appeal. As for the petitioner's second claim, the petitioner was not denied any right to cross-examine his co-defendant as it does not appear that his co-defendant was an adverse witness because he gave favorable testimony to the petitioner which corroborated petitioner's own testimony. Furthermore, it is observed that the petitioner has not raised an argument on appeal attacking the district court's ruling on his second issue. Petitioner is, therefore, deemed to have abandoned this issue on appeal. Hershinow v. Bonamarte, 735 F.2d 264, 266 (7th Cir. 1984); McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); Preemption Devices v. Minn. Min. & Mfg. Co, 732 F.2d 903, 906 (Fed. Cir. 1984); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321, 323 (6th Cir. 1967).
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.