762 F.2d 1009
 37 Fair Empl.Prac.Cas. 1816,
38 Fair Empl.Prac.Cas. 672,
25 Ed. Law Rep. 132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STUART MARSH, PLAINTIFF-APPELLANT,
v.
BOARD OF EDUCATION OF CITY OF FLINT; LEO MACKSOOD,
INDIVIDUALLY AND AS PRESIDENT OF BOARD OF EDUCATION OF CITY
OF FLINT; UNITED TEACHERS OF FLINT, INC.; HAROLD KEIM,
INDIVIDUALLY AND AS PRESIDENT OF UNITED TEACHERS OF FLINT,
INC.; AND LANE HOTCHKISS, INDIVIDUALLY AND AS CHIEF
NEGOTIATOR AND GRIEVANCE OFFICER OF UNITED TEACHERS OF
FLING, INC., DEFENDANTS-APPELLEES.
 NO. 84-1240
 United States Court of Appeals, Sixth Circuit.
 4/4/85
 
 ORDER
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court order of Janury 7, 1983 dismissing defendants Hotchkiss and Keim as well as the March 7, 1984 order granting summary judgment to defendants Macksood, Board of Education of the City of Flint and United Teachers of Flint. Defendants move this Court to dismiss plaintiff's appeal as moot. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of plaintiff's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff sought monetary, injunctive and declaratory relief against defendants for alleged violations of 42 U.S.C. Secs. 1981, 1983, 1985(3) and the Fourteenth Amendment. Plaintiff, a white male and an employee of the defendant Board of Education of the City of Flint (hereinafter 'Board'), asserted that his rights were violated when he was transferred from a counseling to a teaching position as a result of a voluntary affirmative action plan. The plan was part of a collective bargaining agreement negotiated between defendants Board and the United Teachers of Flint (hereinafter 'Union').
 
 
 3
 Plaintiff filed a timely notice of appeal subsequent to the district court orders of January 7, 1983 and March 7, 1984. Defendants assert that plaintiff's appeal is moot because plaintiff was reinstated to his position as counselor. It is not enough, however, that a primary issue is resolved if others are unsettled. Powell v. McCormack, 395 U.S. 486, 499 (1969). The reinstatement of plaintiff did not resolve his demand for monetary or injunctive relief. These issues remain alive on appeal.
 
 
 4
 On the merits, plaintiff appeals from the district court holdings that: 1) he could not challenge a voluntary affirmative action plan under 42 U.S.C. Sec. 1985(3); and 2) his demotion pursuant to a reasonable affirmative action did not deny him equal protection of the law. In his brief, plaintiff did not address the court's holding as to his Sec. 1985(3) claim. The court of appeals need not address an issue that a party has not briefed. McGruder v. Necaise, 733 F.2d 1146 (5th Cir. 1984); Dean Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321 (6th Cir.), cert. denied, 389 U.S. 975 (1967). Moreover, the issue has no merit. The district court's finding that Sec. 1985(3) was not intended as a vehicle to attack voluntary affirmative action plans is well-grounded in the historical purpose of its enactment and the case law of this Circuit. See e.g., United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825 (1983); Browder v. Tipton, 630 F.2d 1149 (6th Cir. 1980); Dunn v. State of Tennessee, 697 F.2d 121 (6th Cir. 1982), cert. denied, 460 U.S. 1086 (1983).
 
 
 5
 Plaintiff's Sec. 1981 and Sec. 1983 arguments are also not persuasive. Section 1981 proscribes or permits the same degree of affirmative action as the equal protection clause. Ohio Contractor's Association v. Keip, 713 F.2d 167, 175 (6th Cir. 1983). To maintain an action under Sec. 1983, an individual must show a constitutional deprivation under color of state law. Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir. 1984). The district court, therefore, combined the Sec. 1981 and Sec. 1983 analyses, and applied Bratton v. City of Detroit, 704 F.2d 878 (6th Cir.), modified on denial of reh'g. en banc, 712 F.2d 222 (6th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 703 (1984) as the controlling case law.
 
 
 6
 Plaintiff does not dispute the findings of the district court. Instead, plaintiff challenges the analysis this Court used in Bratton. His first assertion is that Bratton improperly used a reasonableness, rather than strict scrutiny, standard. This Court, however, has recently reaffirmed the use of the reasonableness standard in determining whether an affirmative action plan passes constitutional muster. See Vanguards of Cleveland v. City of Cleveland, ---- F.2d ----, No. 83-3091, Slip op. at 8 (6th Cir. January 23, 1985); Wygant v. Jackson Board of Educ., 746 F.2d 1152 (6th Cir. 1984).
 
 
 7
 In addition, plaintiff's contention that the least restrictive means be used in remedying past discrimination is erroneous. See Fullilove v. Klutznick, 448 U.S. 448, 508 (1980) (Powell, Jr., concurring), Ohio Contractors, supra at 175-175. Finally, plaintiff's reliance on Firefighters Local Union No. 784 v. Stotts, 52 U.S.L.W. 4767 (1984) is also misplaced. This Court distinguishes an affirmative action plan which is the product of a court order from those plans which emanate from the collective bargaining process. Wygant, supra at 10.
 
 
 8
 In summary, all of plaintiff's arguments run counter to the established law of this Circuit. Accordingly, it is ORDERED that defendant's motion to dismiss plaintiff's appeal as moot is denied and the district court's judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.