762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALBERT BROWN; AND ALLEECE BROWN, PLAINTIFFS-APPELLANTS,
v.
DUFF TRUCK LINES, INC., TEAMSTERS LOCAL UNION NO. 957,
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF
AMERICA, AFL-CIO, DEFENDANTS-APPELLEES.
 NO. 83-3140
 United States Court of Appeals, Sixth Circuit.
 4/15/85
 
 ORDER
 BEFORE: MERRITT, KENNEDY and WELLFORD, Circuit Judges.
 
 
 1
 These Ohio plaintiffs, husband and wife, appeal from a district court judgment dismissing their hybird Sec. 301, 29 U.S.C. Sec. 185, complaint charging the plaintiff-husband's former company and union with breach of contract and breach of duty of fair representation. Plaintiffs also charged the company with violating both of their rights to privacy guaranteed under the federal constitution and Ohio law. The district court dismissed the hybrid Sec. 301 aspects of the suit for being brought beyond the three month statute of limitations provided under Ohio law. It also concluded that the federal constitution did not provide a privacy right to be protected from receiving unwanted mail, and that it would not exercise pendent jurisdiction over the privacy claim as possibly stated under Ohio law.
 
 
 2
 On appeal, the plaintiff's argue that the six month time period should apply to this case under DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). The plaintiffs do not raise any argument attacking the district court's dismissal of their privacy claim. The defendants, on appeal, argue that DelCostello should not be applied retroactively.
 
 
 3
 Subsequent to the district court's dismissal of the plaintiffs' suit, the Supreme court decided that the six month time period contained in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), applied to control the timeliness of hybrid Sec. 301 suits; DelCostello v. International Brotherhood of Teamsters, supra; and, the Sixth Circuit has decided to apply this decision retroactively. Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc). Since the parties do not contest the fact that the plaintiffs filed their suit more than three months but less than six months after the husband's Sec. 301 cause of action had accrued, it is apparent that the suit was filed in a timely manner under the circumstances of this case. The husband's hybrid Sec. 301 claim should, therefore, be reconsidered by the district court upon remand of this cause of action.
 
 
 4
 Regarding the plaintiffs' privacy claim, it is concluded that the plaintiffs are deemed to have abandoned their claim as asserted under the federal constitution because they have not asserted any argument challenging the district court's judgment dismissing this claim. See Bledsoe v. Garcia, 742 F.2d 1237, 1244 (10th Cir. 1984); Hershinow v. Bonamarte, 735 F.2d 264, 266 (7th Cir. 1984); McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); Preemption Devices v. Minn. Min. & Mfg. Co., 732 F.2d 903, 906 (Fed. Cir. 1984); Kizzier Chevrolet Co., Inc., v. General Motors Corp., 705 F.2d 322, 325 n.2 (8th Cir.), cert. denied, 104 S.Ct. 153 (1983); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321, 323 (6th Cir. 1967); McCraw v. United Ass'n of Journeymen & App. of Plumbing, ETC., 341 F.2d 705, 710 (6th Cir. 1965). Since the plaintiffs have attacked the dismissal of the husband's hybrid Sec. 301 claims, however, which may have served as the basis of the district court's decision not to exercise pendent jurisdiction over their Ohio privacy claim, see Lee v. Western Reserve Psychiatric Hab., 747 F.2d 1062, 1069 (6th Cir. 1984), and cases cited therein, it is also concluded that the decision to exercise pendent jurisdiction should also be reconsidered by the district court on remand.
 
 
 5
 Finally, it is noted that the district court did not specifically delineate in its judgment of dismissal that it was dismissing count four of the plaintiffs' complaint which charged the International Teamsters Union with complicity with its local union. This Court concludes that this count was dismissed as well, however, because it was the International Union's motion to dismiss (construed as a motion for summary judgment) which the district court granted. The count was, therefore, dismissed in substance if not in form.
 
 
 6
 For these reasons, this parel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, reversed in part and affirmed in part consistent with the above rationale; and, the cause is hereby remanded for further proceedings. Rule 9(d)(3) & (4), Rules of the Sixth Circuit.