779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KARIM AZIZ ABDULLAH, Plaintiff-Appellant
v.
HERMAN C. DAVIS, Defendant-Appellee.
 85-5351
 United States Court of Appeals, Sixth Circuit.
 10/16/85
 AFFIRMED
 
 1
 W.D.Tenn.
 
 ORDER
 
 2
 BEFORE: JONES and CONTIE, Circuit Judges; and DeMASCIO, District Judge*.
 
 
 3
 Plaintiff moves for the appointment of counsel on appeal from an order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit. Upon consideration of plaintiff's motion, the certified record and plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The record shows that plaintiff was an inmate at Fort Pillow State Prison in Tennessee on July 11, 1983, when a work stoppage occurred. Apparently, inmates had been led off to do agricultural labor in groups called 'long lines.' On the day in question, the first long line did not respond to a call for work. Thereafter, members of the rest of the long lines also assembled in the courtyard and refused to report to their jobs. The number of the inmates totaled around 250 to 300. The incident started at approximately 7:20 a.m. During the course of the day attempted negotiations with inmate representatives failed and the situation became more volatile. The inmates burned their jumpsuits and obtained wood and pipes for weapons. Reinforcements were called by the warden. Around 5:00 p.m. on July 11, the inmates were forced into the west sector of the prison courtyard and kept there by armed guards while razor wire was strung to confine the inmates in that section of the yard. Food, medical assistance and containers for toilets were supplied by the warden.
 
 
 5
 On the morning of July 12, 1983, four inmates were wounded while trying to leave the fenced-in area. The plaintiff in this action was not wounded. On July 13, 1983, some of the inmates requested to go back to work. This request was granted, but in the course of their work the inmates burned a hay wagon. As a result, they were placed back into the courtyard. On July 14, 1983, a request to return to work was granted, and the work stoppage ended.
 
 
 6
 In his complaint, plaintiff basically asserts that his rights to due process were violated because he was not part of the work stoppage but was unjustly put into the confined area. Further, he contends that exposure to the elements and unsanitary conditions in the confined area constituted cruel and unusual punishment. Finally, plaintiff complains that his life was endangered when prison guards opened fire upon the imprisoned mob. The complaint seeks $1 million in punitive damages plus $100.00 a day for every day the complaint was pending in the district court.
 
 
 7
 On January 17, 1985, plaintiff filed a 'Motion for Temporary Restraining Order and/or Preliminary Injunction,' asserting that he had been denied: 1) access to the prison law library, 2) the services of a notary public, and 3) use of a copying machine to prepare legal documents. In an endorsed order filed February 13, 1985, plaintiff's motion for temporary restraining order and/or preliminary injunction was denied. In an order filed March 28, 1985, plaintiff's civil rights complaint was dismissed as frivolous under 28 U.S.C. Sec. 1915(d). This timely appeal followed.
 
 
 8
 At the outset, it should be noted that plaintiff has not presented any argument on appeal concerning the district court's denial of his motion for temporary restraining order and/or preliminary injunction; nor does the notice of appeal mention this ruling of the district court. Under these circumstances, plaintiff is deemed to have abandoned this issue on appeal. McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984).
 
 
 9
 A pro se civil rights complaint can be dismissed under Sec. 1915(d) only 'if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.' Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). We find the district court properly applied that standard to the facts of this case.
 
 
 10
 The Supreme Court has recognized the deference to be given to prison officials in their adoption and execution of policies and practices affecting institutional security. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979). That is particularly true of actions taken during emergency situations. See Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982); Albers v. Whitley, 546 F.Supp. 726, 733 (D. Or. 1982).
 
 
 11
 Given the fact that the defendant warden's actions were taken in response to an emergency caused by inmate disturbances, the plaintiff's assertion that his confinement violated due process fails to state a cause of action. In such cases, the need for immediate action outweighs the inmates' interests in an accurate determination of individual culpability prior to any precautionary steps taken. LaBatt v. Twomey, 513 F.2d 641, 645 (7th Cir. 1975); Albers v. Whitley, supra, at 734. Cf. Hewitt v. Helms, 459 U.S. 460, 474 (1983). Although the conditions of the yard confinement possibly could have given rise to an Eighth Amendment claim if prolonged, the existence of an emergency situation, the relative short duration of the confinement, and the absence of any allegations of personal injury to the plaintiff render this claim untenable under the facts of this case. See LaBatt v. Twomey, supra, at 648; Collins v. Ward, 544 F.Supp. 408, 413 (S.D. N.Y. 1982). See also Haywood v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980), cert. den., 451 U.S. 937 (1981).
 
 
 12
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 13
 It appearing that the questions on which decision of this cause depends are so unsubstantial as not to need further argument, Rule 9(d)(3), Rules of the Sixth Circuit,
 
 
 14
 It is further ORDERED that the order of the district court filed March 28, 1985, be affirmed.
 
 
 
 *
 The Honorable Robert E. DeMascio, U.S. District Judge for the Eastern District of Michigan, sitting by designation