HUNTER ET AL., APPELLANTS, *v.*
CITY OF MIDDLETOWN ET AL., AP-
PELLEES.

(No. CA86-02-014—Decided September
15, 1986.)

*Carl Morgenstern Co., L.P.A., Carl
Morgenstern* and *Rogers Gates,* for ap-
pellants.

*Millikin & Fitton* and *James S. Ir-
win,* for appellees.

*Per Curiam.* This cause came on to
be heard upon an appeal from the Court
of Common Pleas of Butler County.

A private citizen, Kimberly Pelfrey,
signed an affidavit at the Middletown
Municipal Court alleging that plaintiff-
appellant, David L. Hunter, had stolen a
picnic table belonging to her. A warrant
was issued, and appellant was arrested
then released upon his own recogni-
zance. Following his release, appellant
went to see defendant-appellee William
Rossi, the city prosecutor. Rossi told ap-
pellant that he had no time to discuss the
matter and suggested that appellant re-
tain an attorney. He further stated that
Pelfrey had reasonable cause to sign a
warrant because she had a witness.

Appellant discovered the identity of
the witness, who told him that appellant
was not the man he had seen take the
table. The next day, Pelfrey phoned ap-
pellant's wife and told her that she
(Pelfrey) had tried to drop the charges
because of the mistake. Appellant and
his wife then contacted Rossi whom they
contend gave them the option of appear-
ing in court to contest the charge, or
signing a release absolving the com-
plainant and defendant-appellee city of
Middletown from liability. Rossi con-
tends that he never demanded a release,
but that he did ask appellant's counsel
during the course of a pretrial con-
ference if appellant would execute a
release.

Appellant chose not to sign the
release. However, when the case came
up for hearing, the court dismissed the
charge against appellant. Appellants
then filed the civil action, which is the
subject of this appeal, against Rossi and
the city of Middletown as Rossi's em-
ployer. The complaint alleged malicious
prosecution, intentional infliction of
emotional distress and denial of civil
rights in contravention of Section 1983,
Title 42, U.S. Code. The trial court
granted summary judgment in favor of
appellees.

Appellants timely filed the instant
appeal naming as their sole assignment
of error that the trial court erred in
granting appellees' motion for summary
judgment.

A motion for summary judgment
will be granted when it is determined
that: "* * * (1) No genuine issue as to

any material fact remains to be litigated; (2) the party moving is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274. See Civ. R. 56(C).

Appellants argue that whether appellees are immune from the claims advanced in the complaint remains as a genuine issue of material fact. More specifically, appellants argue that where a prosecutor attempts to obtain a release of the city from liability in exchange for dismissal of a criminal charge, the act falls outside the prosecutorial function and the prosecutor is without immunity.

Prosecutors are considered "quasi-judicial" officers entitled to absolute immunity when their activities are "intimately associated with the judicial phase of the criminal process * * *." *Imbler* v. *Pachtman* (1976), 424 U.S. 409, 430. Therefore, the prosecutor has absolute immunity in initiating a prosecution and presenting the state's case. *Imbler, supra,* at 431.

The scope of this immunity depends not on appellee's status as a prosecutor, but on the "functional nature of the activities" of which appellants complain. *Imbler, supra,* at 430.

Appellants argue that the activities of which they complain were not those of a prosecutor, but were instead those of "an assistant city law director who was seeking to protect the interests of the municipal corporation rather than furthering the interests of the criminal justice system."

However, "[t]he decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function. * * *" *McGruder* v. *Necaise* (C.A. 5, 1984), 733 F. 2d 1146, 1148.

Therefore, "dismissing the charges in exchange for * * * [a] release * * * [is] within the 'quasi-judicial' function of the prosecutor * * *." *Boyd* v. *Adams* (C.A. 7, 1975), 513 F. 2d 83, 86, citing *Hampton* v. *Chicago* (C.A. 7, 1973), 484 F. 2d 602, 608, certiorari denied (1974), 415 U.S. 917. See, also, *Tyler* v. *Witkowski* (C.A. 7, 1975), 511 F. 2d 449, 450-451. Even though Rossi allegedly attempted to use his prosecutorial powers as a means to shield the city from suit, this conduct "do[es] not lift the decision to maintain a criminal prosecution from the prosecutorial activities protected by *Imbler.* * * *" *McGruder, supra,* at 1148, citing *Boyd, supra.*

Therefore, we conclude that appellees are immune from liability for damages under Section 1983, Title 42, U.S. Code, for the conduct of Rossi in demanding or suggesting the execution of a release. Appellees are also immune for the conduct which allegedly constitutes malicious prosecution and intentional infliction of emotional distress for "* * * [s]uch activity, even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler.* * * *" *Joseph* v. *Patterson* (C.A. 6, 1986), 795 F. 2d 549, 557.

Accordingly, appellants' sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and HENDRICKSON, J., concur.

JONES, J., dissents.