829 F.2d 39
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen Wayne ROGERS, Petitioner-Appellant,
v.
Dale FOLTZ, Warden, Frank Kelly, Attorney General,
Respondent-Appellee.
 Nos. 86-1609, 86-1610
 United States Court of Appeals, Sixth Circuit.
 September 18, 1987.
 
 ORDER
 Before MERRITT, KRUPANSKY and David A. NELSON, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The district court properly concluded that petitioner was not denied a fair and impartial trial when the trial court failed to satisfy the jury's requests for transcript of prosecution witness Brenda Washington's testimony. This claim does not rise to the level of a federal constitutional right. Furthermore, errors in state law are not cognizable in a habeas corpus proceeding unless they deny the petitioner fundamental fairness. Matlock v. Rose, 731 F.2d 1236 (6th Cir.) cert. denied, 470 U.S. 1050 (1985). Even under Michigan law, there was no violation of the right to a fair trial. According to that state's law, the trial court properly exercised its discretion. See People v. Howe, 392 Mich. 670, 221 N.W.2d 350 (1974); People v. Harvey, 121 Mich. App. 681, 329 N.W.2d 456 (1982).
 
 
 3
 Further, the prosecutorial misconduct issue was not raised on appeal to this court and is therefore considered abandoned. Hershinow v. Bonamarte, 735 F.2d 264, 266 (7th Cir. 1984); McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984). For these reasons, we affirm the district court's denial of the petition for writ of habeas corpus. Rule 9(b)(5), Rules of the Sixth Circuit.