IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 95-40201

Summary Calendar

CHARLES EDWARD BONNER,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(G-93-CV-107)

(September 25, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Charles Bonner appeals from the district court's denial of
his application for a writ of habeas corpus.  We affirm.

I.  Immunity

Bonner claims the right to enforce an agreement signed by
parole officer Eaves, in which Eaves promised to dismiss certain
charges in return for Bonner's promise to submit to a 90-day term

---

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

for a technical parole violation.  Despite this agreement, Bonner went to trial in both Chambers and Brazoria counties and was convicted in both.  Nothing in the record indicates that the trier of fact in either case ever became aware of the agreement, any statements that Bonner made in connection with it, or any evidence derived from it.  After an unsuccessful application for state habeas corpus, Bonner sought federal habeas relief of both convictions in a single petition.  Upon the state's motion, Bonner limited his application to a request for relief from the Brazoria County conviction for robbery.  Upon referral, the magistrate judge held that the Chambers County state habeas court's findings were entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(d), and therefore adopted that court's finding that Eaves had no authority to enter into a binding transactional immunity agreement.  The district judge adopted the magistrate's recommendation of dismissal without comment.

In essence, Bonner argues that he should be able to enforce his agreement with Eaves.  In doing so, he contests the ability of the district court to apply the § 2254(d) presumption of correctness to findings made in the Chambers County state habeas proceeding because his current federal habeas petition deals only with the Brazoria County conviction.  In particular, Bonner claims that he is entitled to relitigate the issue of whether Eaves had actual or apparent authority to enter into a binding immunity agreement.

2

We decline to reach this issue, choosing instead to affirm on grounds other than those relied upon in the court below. We hold that criminal defendants are not entitled to enforce agreements of this nature even if made with a state attorney-general.

Bonner states no violation of a federal constitutional right. The prosecution did not introduce into evidence Bonner's agreement or any evidence derived from it or any statements or admissions from Bonner. Cf. Kastigar v. United States, 406 U.S. 441 (1972); United States v. Robertson, 582 F.2d 1356 (5th Cir. 1978). The prosecution did not induce Bonner to aid in investigating others, cf. United States v. Weiss, 599 F.2d 730, 734 (5th Cir. 1979), nor did it lure Bonner into a guilty plea, cf. Santobello v. New York, 404 U.S. 257, 262 (1971). See generally Weiss, 599 F.2d at 736-38. No federal constitutional provision protects Bonner's expectation interest in the Eaves agreement. Under such circumstances, no federal constitutional claim is at issue.

II. Other Issues

Bonner's other claims lack merit. First, Bonner argues that the state waived its right to make responsive pleadings in the Brazoria County habeas proceeding. Infirmities in state habeas corpus proceedings do not, however, constitute grounds for federal relief. Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992), cert. denied, 113 S. Ct. 1958 (1993). Second, to the extent that Bonner properly raised arguments regarding

prosecutorial misconduct and double jeopardy in his opening brief, we affirm the court below.  If any prosecutorial misconduct occurred, Bonner has not shown that it was "so pronounced and persistent that it casts serious doubts upon the correctness of the jur[ies'] verdict[s]."  United States v. Rodriguez, 43 F.3d 117, 124 (5th Cir.) (alterations added), cert. denied, 115 S. Ct. 2260 (1995).  No double jeopardy violation occurred because the first jury panel in Brazoria County had not been sworn when the court declared a mistrial.  Crist v. Bretz, 437 U.S. 28 (1978).  Finally, Bonner has raised other issues for the first time in his reply brief.  We decline to consider arguments made in this manner.  McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984).

For the reasons stated above, we deny both of Bonner's motions.

AFFIRMED.