[Cite as *Dowdy v. Jones*, 2011-Ohio-3168.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JAMES DOWDY, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-CO-21 |
| | ) | |
| TAMMIE JONES, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common
Pleas of Columbiana County, Ohio
Case No. 2010-CV-207

JUDGMENT:                    Affirmed

APPEARANCES:
For Plaintiff-Appellant       James H. Dowdy, Pro Se
1048 ½ S. Arch Avenue (Rear)
Alliance, Ohio 44601

For Defendant-Appellee        Attorney Jeremy S. Young
Attorney Bradley L. Snyder
PNC Plaza, Twelfth Floor
155 East B road Street
Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 24, 2011

DONOFRIO, J.

{¶1} Plaintiff-appellant, James Dowdy, appeals from a Columbiana County Common Pleas Court judgment dismissing his complaint against defendant-appellee, Columbiana County Assistant Prosecutor Tammie Jones.

{¶2} On March 1, 2010, appellant, acting pro se, filed a complaint against appellee alleging in its entirety:

{¶3} "Whereas the afore [sic.] mentioned plaintiff, Mr. James H. Dowdy, is claiming that the Columbiana Prosecuter's [sic.] Office has showed misfeasance, malfeasance, and nonfeasance. Tammy [sic.] Jones, the assistant prosecutor in Columbiana County has intentionally and without prejudice stalled the investigation into my wife's murder on May 10th 1991. She has not done her job in that she is supposed to be a representative for the State of Ohio and moreover the County of Columbiana. She has failed to meet all requirements of this position by refusing to help a citizen of Ohio. She mentions numerous times and sent a letter, copy attached, stating that there is nothing at all she can do about this case. She has not even taken time to investigate this case.

{¶4} "WHEREFORE, plaintiff demands punitive damages in the amount of $500,000.00 and an immediate disbarment."

{¶5} Attached to appellant's complaint was a letter dated February 2, 2010, from appellee to him stating:

{¶6} "Please be advised that I have reviewed all of the materials that you dropped off at this office concerning the traffic crash of May 10, 1991. I have also contacted Trooper McElroy of the Ohio State Highway Patrol and confirmed that no records relative to the crash are available either locally or at the State Headquarters. Such crash reports and photographs are only retained for a five year period after the incident.

{¶7} "Unfortunately, there is insufficient evidence to support any criminal charge or even merit any further investigation. As a result, no further action will be taken by this office."

{¶8} In response to appellant's complaint, appellee filed a motion to dismiss.

She asserted that, pursuant to Civ.R. 12(B)(1) and (6), the complaint should be dismissed because (1) it failed to state a cognizable claim for relief, (2) she is protected by prosecutorial immunity, and (3) it failed to state a claim for relief that is within the court's power to grant because punitive damages are not recoverable in the absence of any claimed compensatory damages and a court has no power to disbar an attorney.

{¶9} The trial court granted appellee's motion and dismissed appellant's complaint. It stated that its decision was based on the authorities set forth in appellee's motion.

{¶10} Appellant filed a timely notice of appeal on June 28, 2010.

{¶11} In his brief, appellant, still acting pro se, sets out the "facts" of the underlying traffic crash that claimed the life of his wife. He asserts that the driver of the vehicle that struck the motorcycle on which he and his wife were riding acted with the purpose to kill them. He claims that he took this information to appellee and she failed to investigate the matter and prosecute those responsible for the crash. Appellant cites a slew of Ohio Jurisprudence sections, Ohio Revised Code sections, and cases in an attempt to support his position. Finally, he attached unsworn statements by two people which do not appear anywhere in the record and, therefore, cannot be considered by this court.

{¶12} What appellant's brief lacks is an argument in support of reversing the trial court's decision to dismiss his complaint based on Civ.R. 12(B)(1) and (6).

{¶13} A trial court's decision on a motion to dismiss under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction raises questions of law. Thus, an appellate court reviews the decision anew. *Crosby-Edwards v. Ohio Bd. of Embalmers & Funeral Directors*, 175 Ohio App.3d 213, 2008-Ohio-762, at ¶21, citing *Groza-Vance v. Vance*, 162 Ohio App.3d 510, 2005-Ohio-3815, at ¶13.

{¶14} Likewise, the standard of review for a Civ.R. 12(B)(6) motion to dismiss requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. *Ferreri v. The Plain Dealer Publishing Co.* (2001), 142

Ohio App.3d 629, 639. A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that the plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in the plaintiff's favor. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490.

{¶15} The trial court did not err in dismissing appellant's complaint for several reasons.

{¶16} First, the complaint fails to set forth a legal theory that might entitle appellant to relief under the law. A complaint must contain "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A). Appellant's complaint does not comply with Civ.R. 8(A) because it does not include any information that, if true, would entitle him to recover against appellee.

{¶17} Second, appellee enjoys prosecutorial immunity that protects her from liability in cases such as this. A prosecuting attorney is a quasi-judicial officer who enjoys absolute immunity from a civil action for damages. *Harman v. Gessner* (Sept. 9, 1997), 7th Dist. 96 C.A. 123, citing *Hunter v. City of Middletown* (1986), 31 Ohio App.3d 109. The Ohio Supreme Court set forth the rationale for absolute immunity:

{¶18} " 'Privileges of the first class [absolute privileges] are based chiefly upon a recognition of the necessity that certain officials and others charged with the performance of important public functions shall be as free as possible from fear that their actions may have an adverse effect upon their own personal interests. To accomplish this, it is necessary for them to be protected not only from liability but from the danger of even an unsuccessful civil action. This being so, it is necessary that the propriety of their conduct shall not be indirectly inquired into either by court or jury in civil proceedings brought against them for misconduct in office. Therefore, the privilege is absolute and the protection which it affords is complete.' " *Bigelow v.*

*Brumley* (1941), 138 Ohio St. 574, 583-84, quoting 3 Restatements of Torts, 224, Section 584.

**{¶19}** Furthermore, the decision whether or not to file criminal charges and prosecute a criminal offense is solely up to the prosecutor's discretion. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, at ¶43; *State ex rel. Nagle v. Olin* (1980), 64 Ohio St.2d 341, 347.

**{¶20}** Thus, even if appellant had asserted a cognizable claim for relief, appellee is immune from any type of liability.

**{¶21}** Third, appellant's complaint does not assert a valid claim for relief. Appellant's complaint asserts no claim for compensatory damages, only punitive damages. A plaintiff in a tort action may not be awarded punitive damages unless "(1) the defendant acted with malice or aggravated or egregious fraud, *and* (2) the trier of fact awards the plaintiff compensatory damages." (Emphasis added.) *Pierson v. Rion*, 2d Dist. No. CA23498, 2010-Ohio-1793, at ¶46, citing R.C. 2315.21(C); See also *Little Beaver Creek Valley R.R. and Historical Soc., Inc. v. P.L. & W. R.R., Inc.* (1998), 7th Dist. No. 95-CO-76. Consequently, since appellant did not seek compensatory damages, punitive damages are not an available remedy.

**{¶22}** Fourth and finally, the trial court has no jurisdiction to disbar appellee as appellant requests in his prayer for relief. The discipline of attorneys, which includes disbarment, lies within the exclusive jurisdiction of the Ohio Supreme Court. *Shimko v. Lobe*, 103 Ohio St.3d 59, 2004-Ohio-4202, at ¶15, citing *Smith v. Kates* (1976), 46 Ohio St.2d 263, 265-66; *Mahoning Cty. Bar Assn. v. Franko* (1958), 168 Ohio St. 17; *Cleveland Bar Assn. v. Pleasant* (1958), 167 Ohio St. 325; *In re McBride* (1956), 164 Ohio St. 419; *Judd v. City Trust & Sav. Bank* (1937), 133 Ohio St. 81, paragraph one of the syllabus; *In re Thatcher* (1909), 80 Ohio St. 492; Swisher, Professional Responsibility in Ohio (1981) 1.15-1.35.

**{¶23}** In sum, appellant has not presented any legal reasons upon which this court can reverse the trial court's judgment dismissing his complaint. While we may be sympathetic to appellant's situation, after a thorough review, we have no choice

but to conclude that the trial court's decision to dismiss was proper.

**{¶24}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.