OPINION
{¶ 1} Brenda Hawk, appellant herein, appeals the judgment of the Allen County Court of Common Pleas, finding appellant guilty of Aggravated Menacing, in violation of R.C. 2903.21(A).
 {¶ 2} The incident giving rise to the charges against appellant stems from the trimming of trees on appellant's property. In the fall of 2003 a crew from Asplundh Tree Service, acting as an agent of American Electric Power, came to appellant's property to trim the trees around the power lines, pursuant to an easement granted by the previous owner. Appellant expressed her displeasure at having her trees trimmed and the crew left her property.
 {¶ 3} A forestry supervisor from American Electric Power then sent correspondence to appellant describing the easement that was granted to the power company. The supervisor scheduled work on appellant's property for the week of October 14, 2003.
 {¶ 4} On October 14, 2003, the Asplundh Tree Service crew returned to trim appellant's trees. As the crew began trimming, appellant retrieved a sling shot from her house and began shooting pebbles at the men working in the elevated bucket. The crew then lowered the bucket as appellant went inside her residence and returned with a muzzle loader, which she proceeded to discharge. The Asplundh crew took cover behind their trucks. The Asplundh crew then called police to appellant's residence. After officers from the sheriff's department arrived, appellant was arrested for felonious assault, but was later charged with aggravated menacing in violation of R.C. 2903.21(A).
 {¶ 5} The matter proceeded to trial on July 17, 2003. Appellant was subsequently found guilty of aggravated menacing. She was fined $10.00 and sentenced to 30 days in the Allen County Justice Center, which was suspended on the condition that she has no further violations of the law.
 {¶ 6} It is from this decision that appellant appeals, asserting fourteen assignments of error for our review. For clarity of analysis, some assignments of error have been combined.
 ASSIGNMENT OF ERROR NO. II "Errors in process" resulted in Miss Hawk's false arrest andfalsified charges placed upon her by the Allen County SheriffDept. and the City Prosecutor's office, to unconstitutionally andunlawfully convict Miss Hawk of crimes she did not commit and tofraudulently bring this case into the jurisdiction of the LimaMunicipal Court. Judge William Kessler upheld and approved these"errors in process". This included Lt. Crish fraudulentlyinitiated, authored and unlawfully signed the original complaints(and the initiation of the warrants). The complainant's (Asplundhemployees) neither swore to nor signed the complaints as true infront of an official certified to give oaths as required by law.This was a deliberate and fraudulent "error in process" of the"Complaint" documents served upon Miss Hawk. The sole purpose wasa conspiracy resulting in illegal arrest and detainment whileAsplundh Expert Tree Company deliberately and criminallydestroyed and stole Miss Hawk's trees (rightful property inexcess of $125,000) with the aiding and abetting of the AllenCounty Sheriff Dept. Thus depriving Miss Hawk of her rightfulproperty protected by the Ohio Constitution.
 ASSIGNMENT OF ERROR NO. III Judge Kessler heard Lt. Crish's sworn testimony during thetrial on July 17, 2003 for the case against Miss Hawk. Lt. Crishadmitted under sworn testimony "that he (wrongly) signed thecomplaints" and he "swore in front of `someone' behind a windowat the Sheriff's Dept. that the complaints were true." He can notlawfully swear to a complaint when he, himself, was not a witnessto the event nor had even spoken to complaints. This was "errorin process", fraud, deprivation and violation of Miss Hawk'sSubstantial Rights, deception, collusion, conspiring andunlawful. This was used to falsely arrest and detain Miss Hawkand to aid and abet the Asplundh Tree Company's devastation uponher property. Miss Hawk was originally placed under arrest,detained, with no warrant in the Deputies [sic] possession thatshowed the authority or cause to do so. Miss Hawk was originallycharged with Felonious Assault, (see Motion Hearing Transcriptpg. 3 lines 25-26 and Pg. 4 lines 1-5). The County Prosecutorrefused to pursue it, so Lt. Crish went to the City Prosecutor toarrange charges. The charge was changed to an Assault andAggravated Menacing (Misdemeanors). This violated Miss Hawk'sSubstantial Constitutional Rights and Protections from suchconspiracy, racketeering, abuse of power, unlawful and maliciousmisprisonment [sic] and usurpations of her Liberties.
 ASSIGNMENT OF ERROR NO. IV Judge William Kessler ignored and overruled the motion todismiss the case due to "errors in process". The Law states that"errors in process" — "are defective and therefore gives thecourt no jurisdiction to proceed if the plaintiff, (State), doesnot correct the errors." Therefore the court never had legaljurisdiction to bring this case to trial, due to the "errors inprocess." The "Errors in Process" resulted in Miss Hawk'sdeliberate and false arrest and the case should have beenlawfully and rightfully dismissed from the very beginning.
 ASSIGNMENT OF ERROR NO. V Therefore, Judge William Kessler violated the public trust andwithout lawful jurisdiction, participated in enacting fraud and aconspiracy against Miss Hawk, by conducting a "Sham Proceeding",to gain a false conviction. Miss Hawk's Public Defender, BillKluge, had commented at the pretrial of Feb. 6, 2003, that astatement was made by the City Prosecuting Attorney and LawDirector Mr. Anthony Geiger, "I want her butt in jail and so doesthe Sheriff." This proves a conspiracy and fraudulent process,falsely arresting, detaining, charging and "Sham Proceedings" bythe judicial chain of command The court had no jurisdiction topursue these charges, due to the falsified and unlawfully signedcomplaints "Knowingly committed" by Lt. Crish of the Allen CountySheriff's Department. This "proves" that the Sheriff's Dept.would stop at nothing to harass and intimidate Miss Hawk, even tothe extent of going to the City Prosecutor to bring charges afterthe County Prosecutor turned down the Felonious Assault chargeand thus "fraudulently" pursuing unlawful charges.
 {¶ 7} Our review of appellant's second, third, fourth and fifth assignments of error indicates that appellant's arguments are essentially as follows. (1) The original complaints were not properly certified. Appellant claims the complaint was defective, because a police officer may not lawfully swear to a complaint when he was not a witness to the event and had not spoken to the complainants. (2) The complaint was wrongfully executed against appellant. Appellant argues that a complaint may only be sworn or signed by the complainants who, in this case, are the Asplundh employees. (3) Appellant claims that due to the inadequacy of the original complaints, not only was she falsely arrested, but the trial court lacked jurisdiction to hear the case. (4) The trial court erred in overruling appellant's motion to dismiss the complaint based on these errors.
 {¶ 8} The purpose of a criminal complaint is to inform the accused of the crime for which he is charged. State v.Villagomez (1974), 44 Ohio App.2d 209, 211. The complaint forms the essential basis of the court's jurisdiction and the subsequent trial and judgment. Id.
 {¶ 9} Crim.R. 3 defines a criminal complaint as follows:
[A] written statement of the essential facts constituting theoffense charged. It shall also state the numerical designation ofthe applicable statute or ordinance. It shall be made upon oathbefore any person authorized by law to administer oaths.
 {¶ 10} A complaint is deemed sufficient if it charges an offense in the words of the statute or ordinance upon which it is based. State v. Riffle, Pickaway App. No. 00CA041, 2001-Ohio-2415 (citation omitted). In determining the sufficiency of a complaint, the Ohio Supreme Court stated that "[i]t is not necessary that the affidavit be executed by one who observed the commission of the offense. It is sufficient if such person has reasonable grounds to believe that the accused has committed the crime." Sopko v. Maxwell (1965), 3 Ohio St.2d 123, 124.
 {¶ 11} The complaint in the case sub judice states:
Complainant being duly sworn states that Brenda R. Hawkdefendant, at Allen County, Ohio on or about October 14, 2002 didviolate Ohio Revised Code Section 2903.21(A) constituting acharge of Ag. [sic] Menacing.
 Brenda R. Hawk did knowingly cause another to believe thatshe, the said Brenda R. Hawk, would cause serious physical harmto the person or property of such other person or member of hisimmediate family to-wit: Patrick Patton.
 {¶ 12} This complaint was filed by Lieutenant Sam Crish. Lt. Crish's testimony on the record indicates that his filing of the complaint was based on his review of the October 14, 2002 incident report, a review of the witnesses' statements, a conversation with a deputy who was an officer at the scene, and contact with the Allen County Prosecutor's office. Lt. Crish further testified that an employee of the Sheriff's office administered an oath to him prior to his signing the complaint.
 {¶ 13} Although Lt. Crish did not have personal knowledge of the events that took place October 14, 2002, we find that the law does not require personal knowledge for the filing of a compliant. Based on his investigation prior to the filing of the complaint, the record indicates that Lt. Crish had reasonable grounds to believe the appellant had committed the crime of aggravated menacing. Thus, Lt. Crish did not act fraudulently in initiating or signing the original complaint.
 {¶ 14} We find the complaint was sufficient to invoke the trial court's jurisdiction and secure a proper arrest. Therefore, we find that the trial court's refusal to dismiss the complaint was not in error.
 {¶ 15} Accordingly, appellant's second, third, fourth and fifth assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. I Judge William Kessler, on July 17, 2003, violated Miss BrendaRae Hawk's Constitutional Rights and Liberties by allowinghearsay and perjured testimony by Asplundh employees, Mr. PatrickPatton, Mr. Michael Fetters and Mr. Chet Corl, witnesses, for theState, to find Miss Hawk, fraudulently guilty of AggravatedMenacing. The Defendant was found Guilty on hearsay, perjured,biased and obviously "coached" testimonies under an"unconstitutional statute of law called" Aggravated Menacing.
 {¶ 16} Appellant asserts that the testimony of Asplundh employees Patrick Patton, Michael Fetters and Chet Corl was perjured and contained statements that were hearsay.
 {¶ 17} The defense in the case sub judice failed to make objections to the testimony of these employees. Accordingly, these allegations were not properly preserved for appeal and are waived. State v. Wogenstahl (1996), 75 Ohio St.3d 344. Therefore, we must review this assignment of error under a plain error standard. Crim.R. 52(B).
 {¶ 18} We recognize plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum (1990),53 Ohio St.3d 107. Under the general plain error standard, an appellant must demonstrate that the outcome of his trial would clearly have been different but for the errors that he alleges. State v. Waddell
(1996), 75 Ohio St.3d 163.
 {¶ 19} After reviewing the record, we cannot find any evidence that these employees offered perjured testimony or testimony which should have been excluded under the hearsay rule. The employees testified as to their personal observations on the day of the incident. The fact that it may differ from appellant's perception or recollection does not thereby make it false or perjured. Therefore, we do not find that appellant has demonstrated plain error with regard to this testimony.
 {¶ 20} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. VIII No "facts" or "evidence" other than hearsay testimony "whichconflicted with the Witness's original statements) was presentedbefore the court to prove Miss Hawk "Knowingly" committed any ofthe criminal acts she was falsely accused and charged with, uponher own property. This is fraud, collusion and a conspiracyperpetrated by the court, judicial officers, and Sheriff Dept.with the malicious intent to "knowingly" violate Miss Hawk'sConstitutional Protections of her Rights and Liberties.
 ASSIGNMENT OF ERROR NO. XI The process and trial was a "Sham Proceeding" in which theState, (Prosecutor) failed to prove beyond "All Reasonable Doubt"that the Defendant "knowingly" committed any crime. The courtjudgment was against the manifest weight of the innocence of thedefendant and was based on a conspiracy, bias, perjured testimonyand secret agreements between the Judge and the Prosecutor. Fact:Mr. Anthony Gieger's comment that the wanted the Defendant's"butt in jail". This proves discrimination by the police and thejudiciary. This was never a fair, impartial, Due Process trialand was illegal harassment and abuse of power to persecute theDefendant unlawfully by All Parties.
 {¶ 21} Appellant argues first that the evidence was insufficient to sustain a conviction for aggravated menacing. She contends that the trial court's judgment was based on perjured testimony and hearsay. She also contends that the judgment is against the manifest weight of the evidence.
 {¶ 22} Issues regarding sufficiency of the evidence and weight of the evidence are resolved through the use of two different standards. State v. Thompkins (1997),78 Ohio St.3d 380. The standard for appellate courts to use when reviewing a claim of insufficiency of the evidence is as follows:
An appellate court's function when reviewing the sufficiencyof the evidence to support a criminal conviction is to examinethe evidence admitted at trial to determine whether suchevidence, if believed, would convince the average mind of thedefendant's guilt beyond a reasonable doubt. The relevant inquiryis whether, after viewing the evidence in a light most favorableto the prosecution, any rational trier of fact could have foundthe essential elements of the crime proven beyond a reasonabledoubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 23} The Supreme Court of Ohio has held that in determining whether a verdict is against the manifest weight of the evidence appellate courts shall review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins,78 Ohio St.3d at 387, citing State v. Martin (1983),20 Ohio App.3d 172, 175. The Court also cautioned appellate courts to use discretion and only reverse convictions in extraordinary cases where the evidence clearly weighs in favor of reversal. State v.Millisor, Marion App. No. 9-98-69, 1999-Ohio-837 (citation omitted).
 {¶ 24} Aggravated menacing is defined by R.C. 2903.21, which provides:
No person shall knowingly cause another to believe that theoffender will cause serious physical harm to the person orproperty of the other person.
 {¶ 25} As the statute indicates, the State was required to prove that the defendant(1) knowingly, (2) caused Patrick Patton to believe that the defendant would cause him (3) serious physical harm. See, e.g., State v. Schwartz (1991),77 Ohio App.3d 484.
R.C. 2901.22(B):
A person acts "knowingly," regardless of purpose, when he is aware that his conduct will probably result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 {¶ 26} In reviewing the record, we find that the state presented evidence establishing that appellant's actions caused Patrick Patton to believe that she would cause physical harm to him. Although we can appreciate appellant's contention that she did not intend to harm anyone and that the muzzle loader was not loaded with a projectile but only loaded with gunpowder, it is not required under R.C. 2903.21 that the offender intend any harm. All the statute requires is that the offender's conduct causes the victim to believe he will suffer serious physical harm.
 {¶ 27} Whether a threat sufficient to support a charge of aggravated menacing has been made is a question of fact to be determined by trier of fact. Dayton v. Dunnigan (1995),103 Ohio App.3d 67. We note that the trier of fact is in the best position to observe the witnesses at the time of testifying; therefore the credibility of the witnesses is primarily for its determination. State v. DeHass (1967), 10 Ohio St.2d 230. In the case before us, the trial court found the Asplundh employees to be credible witnesses.
 {¶ 28} According to the record, appellant, by her own admission, discharged the muzzle-loader into the air while the Asplundh workers were trimming the tops of her trees.[1]
Appellant maintains that she fired the weapon for the purpose of getting the attention of the tree-trimmers. We find that it is not unreasonable that appellant's firing of the muzzle loader would have caused these workers to believe that the appellant would cause serious physical harm to them.
 {¶ 29} We find that the evidence presented by the state was sufficient to convince the trier of fact of the appellant's guilt beyond a reasonable doubt. After reviewing the entire record and considering the credibility of witnesses, we cannot find that the trier of fact clearly lost its way and created a miscarriage of justice requiring reversal of the conviction. Nor do we find that appellant's conviction was against the manifest weight of the evidence.
 {¶ 30} Accordingly, appellant's eighth and eleventh assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. IX The Journal Entry and Disposition of Trial Document Case No.02 CRB 03098 B2 does not contain upon its face, Guilty or NotGuilty circled therein. Therefore this is another" Error inProcess". The Journal Entry shows neither Guilty or Not Guilty.This document is legally "Null and Void."
 {¶ 31} The appellant claims that the journal entry is "null and void" by reason that it does not indicate whether appellant was found guilty or not guilty. The appellant asserts that because the appropriate finding is not circled on the journal entry, it has no effect. We find appellant's assignment of error to be without merit.
 {¶ 32} Despite the fact that the trial court failed to circle the portion of the journal entry to indicate whether appellant was guilty or not guilty, another portion of the journal entry expressly states that "the Court would find that the State of Ohio has proven the Defendant Guilty beyond a reasonable doubt." Additionally, the journal entry states that appellant is "fined $10.00 plus the court cost. * * * Sentenced to serve 30 days in the Allen County Jail * * * Execution of 30 days of jail sentence is hereby suspended on the condition that the Defendant have no further such violations of law." Moreover, the trial court orally found on the record in open court following trial that appellant was guilty.
 {¶ 33} We find that the intent of the trial court was clear. The trial court found appellant guilty and imposed a sentence, which the journal entry memorializes. Since an appellate court has the power to correct clerical errors in journal entries pursuant to App.R. 12(A)(1)(a), we do not find that this alleged defect renders the journal entry void. See State v. McGee (Mar. 12, 1998), Cuyahoga App. No. 72148.
 {¶ 34} Appellant's ninth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. X The Motion Hearing Transcript is wrongly dated July 14, 2003.There was no motion hearing attended by Miss Hawk. The trial wasconducted on July 17, 2003. The Alleged Motion hearing transcriptwas dated July 14, 2003. The appellant, Miss Hawk, questioned thecourt reporter, Carlyn Hefner, about the transcript of July 17which was incomplete. It did not include the testimony of Lt.Crish and the rulings on the Motions presented to the Judge bythe Public Defender. Lt. Crish was the first witness called totestify at the trial under oath. Lt. Crish was present and satwith the Prosecutor throughout the whole trial. The court claimedthat Crish testified on July 14, 2003, at a separate MotionHearing. In fact, the Public Defender was out of town on thatday. This is a deliberate distortion and was intended to be awanton omission of vital testimony to this appeal (proof ofconspiracy).
 {¶ 35} Appellant argues that a transcript of a motion and evidentiary hearing is in error, as it is dated July 14, 2003 and not July 17, 2003, the actual date of the hearing. The hearings were for the purpose of appellant's waiver of a jury trial and motion to dismiss the complaint. Only one witness, Lt. Crish, was called to testify regarding the affidavits he signed which led to the arrest of appellant. Appellant claims that Lt. Crish was the first witness to testify on the day of trial, July 17, 2003 and if a proceeding was held on July 14, 2003, it was held in secret without her knowledge.
 {¶ 36} A review of the record indicates that a motion hearing on July 14, 2003 appears on the court docket. Appellant's waiver of jury trial is dated July 14, 2003 and signed by appellant. Furthermore, appellant is asked in the transcript if she understands that she is waiving her right to a jury trial, to which she replies in the affirmative.
 {¶ 37} Except for her own belief, appellant has failed to present evidence that would indicate to us that the date of the hearing on the transcript, July 14, 2003, was in error. In the absence of such evidence, we must presume regularity of the proceedings. State v. Howell, Union App. Nos. 14-2000-22, and 14-2000-23, 2000-Ohio-1933, citing State v. Coombs (1985),18 Ohio St.3d 123.
 {¶ 38} Accordingly, appellant's tenth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. XII Transcript page 72 line 20-21, Judge Kessler states —"Unfortunately, it is my obligation as a judge, to follow thelaw." (What law is he referring to, Color of Law?)
 ASSIGNMENT OF ERROR NO. XIII Transcript page 72-73, line 26-27 Judge Kessler states,"However the law is clear and I think the Defendant violated the(line 1 pg. 73) law when she fired the gun into the air." Whatlaw is clear? What law did the Defendant violate? Judge Kessleronly "Thinks" the defendant violated the law? He should "know"the law so this proves a preconceived judgment with theProsecutor and thus proves a conspiracy.
 ASSIGNMENT OF ERROR NO. XIV Transcript page 73, lines 6-8, Judge Kessler states, "I knowexactly how you feel but I am compelled by law to make a decisioncontrary to what my feelings are. The court will make a findingof guilty." There was convincing and undeniable "errors inprocess", abuse of office and power and oath, the original publicoutburst by Mr. Chamberlain, the comments on the complaint coversheet (dated: 11/18/02)" SFT no deals plead it or try it, Crishon board will be our point man." This is conspiracy, racketeeringand combination to illegally persecute Miss Hawk.
 {¶ 39} To warrant a reversal, the conduct and statements of a judge must materially prejudice defendant's rights. State v.Dustin (Nov. 24, 1982), Summit App. No. 10700. After reviewing the record, the statements indicate that the trial judge treated the appellant with respect and empathy. We can find no error in the statements objected to by the appellant.
 {¶ 40} Appellant's twelfth, thirteenth and fourteenth assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. VII The Constitution guarantees that "no court shall be held insecret." This is exactly what was done to Miss Hawk. The Judge,Prosecutor and Public Defender met in secret in the backconference room and agreed upon how the trial would proceed andconclude. It was quite obvious for all in attendance to see,including the friends of the defendant in the courtroom, that thetrial had been rehearsed and was acted out in the courtroom forthe benefit of the audience and defendant.
 {¶ 41} Appellant asserts that the Allen County Sheriff's Department, the trial court, the prosecutor and her public defender conspired to arrest and convict her. Appellant claims that the trial was a "sham proceeding," acted out for her benefit, but that the judge, prosecutor and public defender had already met in secret to agree upon how the trial would proceed and conclude.
 {¶ 42} In support, appellant cites the falsified complaint for her arrest, the lack of jurisdiction of the trial court, the perjured testimony by Asplundh employees and the statements made by the trial judge.
 {¶ 43} As we have found herein that no error existed in the trial court proceedings, we find that this evidence does not demonstrate that the alleged egregious misconduct on the part of officers of the court actually occurred.
 {¶ 44} Appellant's seventh assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. VI Judge William Kessler therefore was using rules and laws,(Color of Law) that are not law, in conspiracy with theProsecutor, to violate Miss Hawk's Civil Rights, God GivenRights, Substantial Rights and Constitutional Protections ofthose Rights and Liberties. Judges take an oath to" uphold theConstitution" and are "deemed to know the Law." The Judge "must"inform Miss Hawk she would not be permitted" Due Process of Law"in their "Color of Law," "Martial Law Court."
 {¶ 45} In this assignment of error and throughout the appellant's brief, she claims that she was denied due process and that her constitutional rights were violated throughout the proceedings including the filing of the complaint, the trial court's pre-trial proceedings, the prosecution of her case, the denial of her motions, secret meetings between the trial judge, prosecutor and defense counsel, and her conviction.
 {¶ 46} Based on the findings herein and a review of the record, we find no merit in appellant's assertion. Appellant received proper notice of the crime with which she was charged and had the opportunity to participate in all aspects of the trial court's proceedings.
 {¶ 47} Appellant's sixth assignment of error is overruled.
 {¶ 48} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.
[1] We note that there is a dispute as to the location of appellant when the weapon was discharged and whether the muzzle-loader was fired in the direction of the workers. Appellant claims she was on her back porch, out of view of the tree-trimmers, and fired into the air. Asplundh employees, however, testified that appellant was off to the side of the back porch, but visible from their position in the driveway. The employees claimed that appellant had the muzzle-loader pointed in their direction.