OPINION
{¶ 1} Plaintiff-Appellant, Brenda Rae Hawk, appeals a judgment of the Allen County Court of Common Pleas, granting the 12(B)(6) motion for dismissal of Defendants-Appellees, the Honorable Richard Workman, the Honorable William Lauber, the Honorable William Kessler, Dan Beck, Debra Kinear, Brad Jaconet, Steve Hoverman, Sam Crish, Matt Redick, G. Crites, W. Dickerson, R. Najmulski, David Bowers, and Dan Berry (hereafter collectively referred to as "Appellees"). Hawk also appeals the finding of the trial court that the 12(B)(6) dismissal was a "final judgment," or final appealable order, under Civ.R. 54(B) and the trial judge's denial of her motion for disqualification. After reviewing Hawk's complaint and the judgment entry of the trial court, we find that the trial court was correct in holding that Hawk had not stated grounds against the Appellees upon which relief could be granted. We also find that it was within the trial court's discretion to rule that the dismissal was a final appealable order. Furthermore, we find that this Court does not have jurisdiction to consider the issue of the trial judge's disqualification. Accordingly, all of Hawk's assignments of error are overruled, and the judgment of the trial court is affirmed.
 {¶ 2} In October of 2002, American Electric Power Company ("AEP"), through its agent Asplundh Expert Tree Company ("Asplundh"), attempted to trim certain trees on Hawk's property. AEP claimed that the trees were within a valid electrical easement it held on the property.
 {¶ 3} In an effort to prevent Asplundh employees from trimming her trees, Hawk began shooting pebbles at them using a slingshot. When the Asplundh employees continued trimming the trees, Hawk discharged a muzzleloader into the air. Because of these actions, Hawk was arrested, tried, and convicted of aggravated menacing in violation of R.C.2903.21(A). This Court upheld her conviction in State v. Hawk, 3rd Dist. No. 1-03-54, 2004-Ohio-922.
 {¶ 4} Subsequently, Hawk filed a civil suit against the Appellees herein and several others including, AEP, Asplundh, and various employees from both companies. In her complaint, Hawk maintained that the Appellees were part of a civil conspiracy responsible for her false arrest, malicious prosecution, and the deprivation of her civil rights. She based these charges on her arrest and conviction for aggravated menacing. Hawk also filed a motion for recusal, seeking to have the trial judge disqualified. This motion was refused by the trial court.
 {¶ 5} The Appellees filed a Civ.R. 12(B)(6) motion for dismissal on the grounds that Hawk had not stated claims against them upon which relief could be granted. The trial court granted Appellees' 12(B)(6) motion for dismissal and found that this was a final judgment as to fewer than all parties involved with no just reason for delay pursuant to Civ.R. 54(B). From this judgment Hawk appeals, presenting the following twenty-four assignments of error.[1] Because of the nature of the assignments of error, we will address some out of order.
 Assignment of Error I It is in error for the Honorable Judge Richard Warren to deny theplaintiff's request for his recusal (disqualification) in this case whenhe is extremely biased in favor of his friends and acquaintances, thejudges, prosecutors and sheriff.
 Assignment of Error II It is in error for the honorable judge warren to state that theplaintiff failed to state a claim for which relief may be granted asagainst the herein-named defendants; the Hon. Judge Richard Workman, theHon. Judge William Lauber, the Hon. Judge William Kessler, Sheriff DanBeck, Deputy Mary Kinnaird, Deputy Brad Jaconet, Capt. Steve Hoverman,Lt. Sam W. Crish, Lt. Matt Redick, Sgt. G. Crites, Deputy R. Najmulsky,Deputy W. Dickerson, County Prosecutor David Bowers Esq. and AssistantCounty Prosecutor Dan Berry Esq.
 Assignment of Error III It is in error for the Honorable Judge Warren to wantonly and knowinglyoverlook, ignore or refuse to acknowledge all the evidence and contentsupporting the plaintiff's claims attached to the complaint.
 Assignment of Error IV It is in error for the Honorable Judge Warren to use civil rule12(B)(6) to dismiss the herein-named defendants from the suit andliability.
 Assignment of Error V It is in error for the Honorable Judge Warren to refuse to acknowledgethat the easements presented and attached are invalid and void and whichinitiated the sequence of events starting with AEP/Asplundah.
 Assignment of Error VI It is in error for the Honorable Judge Warren to state the plaintifffails to state a claim because her underlying criminal conviction has notbeen invalidated on appeal.
 Assignment of Error VII It is in error for the Honorable Judge Warren to state that theplaintiff fails to state a civil conspiracy claim.
 Assignment of Error VIII It is in error for the Honorable Judge Warren to State that theplaintiff's complaint fails to state a criminal conspiracy, criminal civilrights or criminal intimidation claim.
 Assignment of Error IX It is in error for the Honorable Judge Warren to state that theplaintiff fails to state a civil rights claim and the court finds that theplaintiffs compliant does not state sufficient facts to support herclaimed deprivation of federal rights.
 Assignment of Error X It is in error for the Honorable Judge Warren to State the judicialdefendants named herein are absolutely immune from suit.
 Assignment of Error XI It is in error for the Honorable Judge Warren to state that theplaintiff is not entitled to declaratory relief against the judgesherein-named since there is no case or controversy that exists betweenthem.
 Assignment of Error XII It is in error for the Honorable Judge Warren to state that the courtfinds that the prosecutors are entitled to absolute immunity from conductintimately associated with the judicial phase of the criminal process.Thus plaintiff failed to state a claim against the prosecutors and mustbe dismissed as a matter of law.
 Assignment of Error XIII It is in error for the Honorable Judge Warren to state that Lt. SamCrish is likewise immune from suit as law enforcement officers areabsolutely immune from suit by a convicted party and must be dismissed.
 Assignment of Error XIV It is in error for the Honorable Judge Warren to state that" The Courtfinds that the plaintiff's title 42, § 1983 claims fail against the namedlaw enforcement officers as governmental entities cannot be heldresponsible for a constitutional deprivation unless there is a directcausual link between the entity's policy or custom and allegedconstitutional deprivation."
 Assignment of Error XV It is in error for the Honorable Judge Warren to state that further, asidentified in their individual capacity, these defendants are immune fromany claims under 1983, and thereby dismissed.
 Assignment of Error XVI It is in error for the Honorable Judge Warren to state plaintiff admitsshe was arrested for the assault and aggravated menacing pursuant to awarrant. Plaintiff alleges no facts to any legal validity of the warrantor existence of probable cause. This further justifies the court'sdismissal of the claims.
 Assignment of Error XVII It is in error for the Honorable Judge Warren, to state plaintiff'sclaim of malicious prosecution against defendants should also fail, asshe did not satisfy the requirements as set forth, was convicted ofaggravated menacing, at a criminal trial and there has been notermination of the prosecution in favor of the plaintiff. Therefore herclaims must fail as a matter of law.
 Assignment of Error XVIII It is in error for the Honorable Judge Warren to state, plaintiff'stort claim must fail as well as to the defendants as they are statutorilyimmune from tort liability under O.R.C. 2744.01.
 Assignment of Error XIX It is in error for the Honorable Judge Warren to state these defendantsare entitled to blanket immunity under O.R.C. 2744.02(B).
 Assignment of Error XX It is in error for the Honorable Judge Warren to state plaintiff'sconspiracy allegation must fail also since the claim standing alonecannot be subject of a civil action.
 Assignment of Error XXI It is in error for the Honorable Judge Warren to state plaintiff'spunitive damages claim must fail also. Allen County may not be subject topunitive damages.
 Assignment of Error XXII It is in error for the Honorable Judge Warren to state therefore,pursuant to Ohio Civil Rule 12(B)(6), defendants Workman, Lauber, andKessler's motion to dismiss is granted and plaintiff's complaint againstthem is dismissed with prejudice.
 Assignment of Error XXIII It is in error for the Honorable Judge Warren to state that, furtherthe sheriff department personnel and prosecutors motion to dismiss ishereby granted and the court dismisses the plaintiff's complaint againstthem with prejudice.
 Assignment of Error XXIV It is in error for the Honorable Judge Warren to state that, pursuantto Civ. R. 54(B) this is a final judgment as to one or more but fer thanall parties and the court makes an expressed determination that there isno reason for delay.
 Assignment of Error I {¶ 6} In Hawk's first assignment of error, she contends that the trial court erred in denying her motion for disqualification. She claims that Allen County Common Pleas Court Judge Richard K. Warren should have recused himself because he is biased in favor of the Sheriff's office, the prosecutor's office, and fellow judges.
 {¶ 7} R.C. 2701.03 sets forth the proper procedure required to raise the disqualification of a judge of a Court of Common Pleas. Section 5(C) of Article IV of the Ohio Constitution provides that only the Chief Justice of the Ohio Supreme Court or his designee has the authority to pass upon the disqualification of a judge of a Court of Common Pleas. Beerv. Griffith (1978), 54 Ohio St.2d 440, 441-442. Hawk did not follow the procedure required to challenge the qualification of the trial judge, and this Court is without jurisdiction to consider the issue of disqualification. Accordingly, Hawk's first assignment of error is overruled.
 Assignment of Error XXIV {¶ 8} In her twenty-fourth assignment of error, Hawk maintains the trial court erred by ruling that the dismissal of the Appellees was a final appealable judgment (final appealable order) under Civ.R. 54(B).
 {¶ 9} Civ.R. 54(B) allows a court to enter a final judgment as to fewer than all the parties involved in a proceeding. Whether a court enters a judgment pursuant to Rule 54(B) is within its sound discretion.Noble v. Colwell (1989), 44 Ohio St.3d 92, footnote seven. An abuse of discretion will only be found where the decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} Hawk has put forth no evidence that the trial court's decision was unreasonable, arbitrary, or unconscionable. She merely reasserts the conspiracy and bias claims argued in her other twenty-three assignments of error. Looking at the record before us, we find no evidence that the trial court's decision was an abuse of discretion. The trial court's decision to enter its judgment pursuant to Civ.R. 54(B) actually aided Hawk by allowing her to immediately appeal the trial court's judgment. Accordingly, we fail to find an abuse of discretion and overrule Hawk's twenty-fourth assignment of error.
 Assignment of Errors II-XXIII {¶ 11} In her second through twenty-third assignments of error, Hawk asserts that the trial court erred by granting the Appellees' 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted. In her complaint, Hawk claims that the Appellees were part of a civil conspiracy resulting in her false arrest, malicious prosecution, and the deprivation of her civil rights. Each of these charges against the Appellees stem from Hawk's arrest and conviction for aggravated menacing.
 {¶ 12} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, syllabus. In construing the complaint in a 12(B)(6) dismissal motion, the court must, as a matter of law, accept all of the factual allegations in the complaint as true.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
 {¶ 13} "[A] plaintiff is not required to prove his or her case at the pleading stage. * * * Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." Schumacher v. Amalgamated Leasing, Inc., 156 Ohio App.3d 393,2004-Ohio-1203, at ¶ 5, quoting York v. Ohio State Hwy. Patrol (1991),60 Ohio St.3d 143, 144-145. Because the factual allegations of the complaint are presumed to be true, a reviewing court must decide only legal issues, and an entry of dismissal on the pleadings is reviewed de novo. Schumacher, 156 Ohio App.3d at ¶ 5, citing Mitchell,40 Ohio St.3d at 192.
 {¶ 14} In order to more clearly address Hawk's assignments of error, the Appellees herein will be divided into three basic categories. The first category contains the Honorable Richard Workman, the Honorable William Lauber, and the Honorable William Kessler (hereafter collectively referred to as "Judicial Appellees"). All of the Judicial Appellees were involved in a judicial capacity with Hawk's arrest and conviction for aggravated menacing. Hawk's complaint charges them with bias, participation in a civil conspiracy, and violations of her civil rights.
 {¶ 15} The second category consists of Allen County prosecutor David Bowers and Assistant Allen County prosecutor Dan Berry (hereafter collectively referred to as "Prosecutor Appellees"). Both Prosecutor Appellees were involved with Hawk's arrest and conviction for aggravated menacing. Hawk contends that the Prosecutor Appellees violated her civil rights by maliciously prosecuting her and by refusing to prosecute any AEP employees, Asplundh employees, or Allen County Sheriff Department employees.
 {¶ 16} The third category contains Allen County Sheriff's Department employees Sheriff Dan Beck, Deputy Debra Kinear, Deputy Brad Jaconet, Captain Steve Hoverman, Lieutenant Sam Crish, Lieutenant Matt Redick, Sergeant G. Crites, Deputy W. Dickerson, and Deputy R. Najmulski (hereafter collectively referred to as "Sheriff's Department Appellees"). Hawk's complaint charges the Sheriff's Department Appellees with participation in a civil conspiracy, false arrest, and violation of civil rights.
 Judicial Appellees {¶ 17} In her complaint, Hawk seeks damages from the Judicial Appellees based upon their participation in a civil conspiracy that violated her civil rights. She also seeks a declaratory judgment declaring that the Judicial Appellees had participated in such a conspiracy. Hawk maintains that it was error for the trial court to find that the Judicial Appellees were subject to complete civil immunity. She also claims that the trial court erred in denying her motion for a declaratory judgment.
 {¶ 18} A judge cannot be held civilly liable for any act performed as part of his judicial function. Wilson v. Neu (1984), 12 Ohio St.3d 102,103. (Citations omitted.) This doctrine acts to preserve the integrity and independence of the judiciary and to ensure that judges will act upon their convictions free from the apprehensions of possible consequences. Id. "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Piersonv. Ray (1967), 386 U.S. 547, 554, 87 S.Ct. 1213. The exception to this absolute immunity is where the judge lacked the jurisdiction to render a decision and took some action in his judicial capacity that violated the rights of a party. Neu, 12 Ohio St.3d at 104.
 {¶ 19} All of Hawk's charges against the Judicial Appellees are based on actions they rendered as part of their official judicial capacity. She never alleges that any of the three Judicial Appellees did not have the proper jurisdiction to reach their decisions. Accordingly, Hawk's complaint did not allege facts sufficient to challenge the Judicial Appellees' complete civil immunity.
 {¶ 20} Hawk also challenges the trial court's denial of her motion for a declaratory judgment against the Judicial Appellees. "The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Austv. Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681. For purposes of a declaratory judgment action, a "controversy" only exists when there is a genuine dispute between the parties having adverse legal interests.Wagner v. Cleveland (1988), 62 Ohio App.3d 8, 13. "A judge is not a party litigant in a proceeding in which he acts as a judge and a litigant's disagreement with his decisions or dissatisfaction with his judicial performance does not give rise to a justiciable controversy between the complaining litigant and the judge." Carter v. Walters (March 22, 1990), 3rd Dist. No. 11-88-23, unreported. A declaratory judgment action is not the proper procedure by which to challenge the determination of a judge in his official capacity. Id. Because all of Hawk's charges against the Judicial Appellees involved decisions they made in their official judicial capacity, the trial court properly found that there was not a justiciable controversy and denied Hawk's declaratory judgment motion.
 {¶ 21} Therefore, the trial court's judgment granting the Judicial Appellees' 12(B)(6) motion to dismiss for failure to state grounds upon which relief could be granted is affirmed.
 Prosecutor Appellees {¶ 22} Hawk's complaint sought damages from the Prosecutor Appellees for malicious prosecution and the Prosecutor Appellees' failure to prosecute any AEP employees, Asplundh employees, or Allen County Sheriff's Department employees. Both of these claims are based upon her arrest, trial, and conviction for aggravated menacing.
 {¶ 23} "The elements of the tort of malicious criminal prosecution claim are (1) malice in instituting or continuing the prosecution; (2) lack of probable cause for undertaking the prosecution; and (3) termination of the prosecution in favor of defendant." Bacon v. Kirk
(Oct. 31, 2000), 3rd Dist. No. 1-99-33, unreported, quoting Ash v. Ash
(1995), 72 Ohio St.3d 520, 522, quoting Trussell v. Gen. Motors Corp.
(1990), 53 Ohio St.3d 142, 145.
 {¶ 24} Hawk never alleges in her complaint that the prosecution for the aggravated menacing charge was terminated in her favor. In fact, Hawk was convicted of that charge, and this court upheld the trial court's conviction in State v. Hawk, 3rd Dist. No. 1-03-54, 2004-Ohio-922. Thus, Hawk fails to allege facts sufficient to prove the tort of malicious prosecution.
 {¶ 25} Hawk's complaint also seeks damages for the Prosecutor Appellees' failure to prosecute any employees from AEP, Asplundh, or the Allen County Sheriff's Office. Prosecutors are considered "quasi-judicial officers" entitled to the same absolute immunity granted judges when their activities are "intimately associated with the judicial phase of the criminal process." Willitzer v. McCloud (1983), 6 Ohio St.3d 447,449, quoting Imbler v. Pachtman (1976), 424 U.S. 409, 430, 96 S.Ct. 984. A prosecutor has absolute immunity in initiating a prosecution. Id. quotingImbler, 424 U.S. at 431. Accordingly, the Prosecutor Appellees are immune from suit based upon their decision not to prosecute certain individuals.
 {¶ 26} Therefore, we affirm the trial court's judgment granting the Prosecutor Appellees' 12(B)(6) motion to dismiss for failure to state grounds upon which relief could be granted.
 Sheriff's Department Appellees {¶ 27} Hawk's complaint seeks damages from the Sheriff's Department Appellees for her false arrest and the deprivation of her rights under the color of law in violation of Section 1983, Title 42, U.S. Code. Hawk also seeks damages from Lieutenant Sam Crish based upon his testimony at her trial. All of these claims are based upon the Sheriff's Department Appellees' involvement with Hawk's arrest and conviction for aggravated menacing.
 {¶ 28} Hawk's claim against Lieutenant Crish based on his testimony at her trial must fail. It is well established that witnesses are immune from damages liability for their testimony in judicial proceedings.Briscoe v. LaHue (1983), 460 U.S. 325, 331, 103 S.Ct. 1108. (Citations omitted.) This immunity extends to the testimony of law enforcement officers at criminal trials. Id. at 342-346. Accordingly, it was proper for the trial court to dismiss Hawk's claim against Lieutenant Crish.
 {¶ 29} Hawk also claims damages against the Sheriff's Department Appellees based upon false arrest. An arrest premised on a valid warrant is a complete defense to a claim for false arrest. Walker v. Kroger's
(April 29, 1994), 6th Dist. No. L-93-162, unreported, citing Brinkman v.Drolesbaugh (1918), 97 Ohio St. 171, syllabus. In her complaint, Hawk admits that her arrest was pursuant to a warrant and never challenges the validity of the warrant. Therefore, the trial court was correct in finding that she had failed to adequately state a claim for false arrest against the Sheriff's Department Appellees.
 {¶ 30} Hawk's complaint also states that the Sheriff's Department Appellees violated her rights under the color of law in violation of Section 1983, Title 42, U.S. Code. To recover damages under Section 1983 for unconstitutional conviction or imprisonment, the plaintiff must first prove that the underlying conviction or sentence has been reversed or declared invalid. Heck v. Humphrey (1994), 512 U.S. 477, 486-487,114 S.Ct. 2364. Nowhere in her complaint does Hawk allege that her conviction for aggravated menacing has been reversed or declared invalid. As we noted earlier in this opinion, we have previously upheld this conviction in an earlier appeal. We find no error with the trial court's judgment that Hawk failed to state a claim against the Sheriff's Department Appellees under Section 1983, Title 42, U.S. Code.
 {¶ 31} Accordingly, we affirm the trial court's judgment granting the Sheriff's Department Appellees' 12(B)(6) motion to dismiss for failure to state grounds upon which relief can be granted.
 Civil Conspiracy {¶ 32} Hawk's complaint charged all of the above Appellees with participation in a civil conspiracy. The Ohio Supreme Court has defined civil conspiracy as, "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Kenty v. Transamerica Premium Ins.Co. (1995), 72 Ohio St.3d 415, 419. However, if all of the substantive claims underlying the conspiracy are without merit, the conspiracy claim must also fail. Brose v. Bartlemay (April 16, 1997), 1st Dist. Nos. C-960423, A-9105270, unreported, citing Minarik v. Nagy (1963),8 Ohio App.2d 194, 195. The substantive claims underlying Hawk's conspiracy theory are malicious prosecution, false arrest, and the violation of her civil rights. We have already addressed these claims in the above opinion and found that they were all properly dismissed. Therefore, we find that trial court was correct in also dismissing Hawk's civil conspiracy claim.
 {¶ 33} After reviewing Hawk's complaint and the entire record before us, we find that the trial court was correct in dismissing all of the Appellees herein. Accordingly, Hawk's assignments of error two through twenty-three are overruled.
 {¶ 34} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Cupp, J., concur.
[1] Hawk's brief originally contained a twenty-fifth assignment of error, but that assignment of error was stricken from the record by an order of this Court dated April 21, 2004.