OPINION
{¶ 1} Plaintiff-Appellant, Brenda Rae Hawk, appeals a judgment of the Allen County Court of Common Pleas. The Court of Common Pleas granted the Civil Rule 12(B)(6) motion to dismiss filed by Defendants-Appellees Anthony Geiger, Law Director for the City of Lima, Ohio, Michael Short and Mark Davis, Assistant City Prosecutors. Additionally, the judgment entry granted the Motion to Dismiss and/or Motion for Summary Judgment filed by Defendant-Appellee Stephen Chamberlain, public defender.
 {¶ 2} The facts surrounding this case are as follows. On behalf of American Electric Power ("AEP"), workers from Asplundh Tree Service came to appellant's residence in the fall of 2003 to trim the trees around the power lines. Appellant protested, and the workers left without trimming the trees. Thereafter, representatives from AEP contacted appellant claiming they had a valid easement which permitted them to trim the trees around the lines. They notified her that a crew would be out to her property to trim the trees, pursuant to this easement.
 {¶ 3} On October 14, 2003 the Asplundh crew returned to appellant's property to trim the trees. As the crew began working, appellant began shooting pebbles at them with a slingshot. When they did not desist, she went into her house and retrieved a muzzleloader, returned, and discharged the weapon into the air. The Asplundh crew contacted the police, and appellant was arrested at the scene. Appellant was charged with aggravated menacing in violation of R.C. 2903.21(A), and was found guilty following trial. This court upheld her conviction inState v. Hawk, Allen App. No. 1-06-54, 2004-Ohio-922.
 {¶ 4} Subsequent to her conviction, appellant filed a civil action against AEP, Asplundh, various employees of the two companies, as well as the Sheriff Department employees, judges, prosecutors, and public defender who were involved in adjudicating her criminal case. Appellant's complaint alleges that these individuals were part of a civil conspiracy responsible for her false arrest, malicious prosecution, and the deprivation of her rights.
 {¶ 5} Prior to this appeal, several defendants successfully moved for dismissal from the case. These defendants included the judges, Sheriff Department employees, and two city prosecutors. The trial court dismissed the claims against these defendants pursuant to Civil Rule 12(B)(6), finding that Appellant had not stated grounds against them upon which relief could be granted. This Court upheld that decision in Hawk v. American ElectricPower, Allen App. No. 1-04-01, 2004-Ohio-3549. Thereafter, appellees herein filed motions to dismiss pursuant to Rule 12(B)(6), and the trial court granted those motions in its August 10, 2004 judgment entry.[1] Appellant now appeals that judgment, asserting one assignment of error:
It is error for the Honorable Richard Warren to Dismiss theseappellees under Civ.R. 12(B)(6) or to grant any form of immunityto these appellees.
 {¶ 6} In the proceedings below, the trial court granted the motions to dismiss pursuant to Civ.R. 12(B)(6), finding that the appellees, as judicial officers, enjoy immunity from civil action. It further granted appellee Stephen Chamberlain's motion for summary judgment on the grounds that his alleged conduct occurred during criminal proceedings against appellant in which he represented her as public defender, and that her conviction was upheld by this Court. See State v. Hawk, Allen App. No. 1-03-54, 2004-Ohio-922. For the reasons that follow, we uphold the decision of the Court of Common Pleas.
 {¶ 7} In reviewing a 12(B)(6) motion for dismissal, we accept all of the factual allegations in the complaint as true.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. Because the factual allegations are presumed to be true, a reviewing court must decide only legal issues, and an entry of dismissal on the pleadings is reviewed de novo. Schumacher v.Amalgamated Leasing, Inc. (2004), 156 Ohio App.3d 393,2004-Ohio-1203, at ¶ 5, citing Mitchell, 40 Ohio St.3d at 192. However, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." Schumacher, 156 Ohio App.3d at ¶ 5. "In order to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus.
 {¶ 8} The appellees herein — the city law director, assistant city prosecutors and the public defender — enjoy immunity from suit under Ohio law. First, prosecutors are entitled to an absolute immunity for conduct intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman
(1976), 424 U.S. 409, 430. Furthermore, pursuant to R.C.2744.03(A)(7):
(A) In a civil action brought against . . . an employee of apolitical subdivision to recover damages for injury, death, orloss to person or property allegedly caused by any act oromission in connection with a governmental or proprietaryfunction, . . .
(7) The political subdivision, and an employee who is a countyprosecuting attorney, city director of law, village solicitor, orsimilar chief legal officer of a political subdivision, [or] anassistant of any such person . . . is entitled to any defense orimmunity available at common law or established by the RevisedCode.
R.C. 2744.03(A)(7). Moreover, it is well-settled common law in Ohio that prosecutors enjoy absolute immunity from suit for acts committed in their role as judicial officers. Prosecutors are considered "quasi-judicial" officers, and as such they are entitled to absolute immunity when their activities are "intimately associated with the judicial phase of the criminal process." Willitzer v. McCloud (1983), 6 Ohio St.3d 447, 449,453 N.E.2d 693, quoting Imbler, 424 U.S. at 430; see also,Carlton v. Davisson (1995), 104 Ohio App.3d 636, 649.
 {¶ 9} The city prosecutors and the city law director are entitled to immunity from suit for their acts in presenting a prosecution on behalf of the State. Willitzer, quotingImbler, 424 U.S. at 431. "The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function." McGruder v. Necaise (C.A. 5, 1984), 733 F.2d 1146,1148. Additionally, Ohio courts have held that prosecutors are entitled to these protections against allegations of malicious prosecution and false arrest. See Hunter v. City of Middletown
(1986), 31 Ohio App.3d 109. Therefore, pursuant to R.C.2744.03(A)(7), the appellees in this case are still afforded the protections that existed at common law. As such, appellant is not entitled to any relief for her claims of malicious prosecution.
 {¶ 10} Second, appellee Stephen Chamberlain, in his position as a public defender, enjoys immunity from suit as well. As an employee of the Allen County Public Defender's Office, Chamberlain's tort liability is limited by the defenses and immunities provided in R.C. Chapter 2744. His liability is governed by R.C. 2744.03, which provides:
(6) The employee [of a political subdivision] is immune fromliability unless one of the following applies:
 (a) The employee's act or omissions were manifestly outsidethe scope of the employee's employment or officialresponsibilities;
 (b) The employee's acts or omissions were with maliciouspurpose, in bad faith, or in a wanton or reckless manner;
 (c) Civil liability is expressly imposed upon the employee bya section of the Revised Code.
R.C. 2744.03(A)(6). Under this provision, "an employee of a political subdivision is presumed immune unless one of these exceptions to immunity is established." Wooton v. Vogele
(2001), 147 Ohio App.3d 216, 221. Moreover, the burden is on appellant to show that an exception to immunity existed. Id.
 {¶ 11} We find that appellant has failed to fulfill her burden of demonstrating that an exception to immunity exists for appellee Chamberlain. Appellant alleged in her complaint that Chamberlain was involved in a conspiracy to conduct a malicious prosecution of her for the events involving the power company. Thus, the only exception under R.C. 2744.03(A)(6) applicable to her claims is (b), which requires that Chamberlain acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
 {¶ 12} However, Appellant's claim must fail because she cannot successfully bring a claim for malicious prosecution under the facts she alleges. As we noted in the previous appeal, Appellant has failed to allege facts sufficient to prove the tort of malicious prosecution. Hawk, 2004-Ohio-3549 at ¶ 24. Such a claim requires her to prove: "(1) malice in instituting or continuing the prosecution; (2) lack of probable cause for undertaking the prosecution; and (3) termination of the prosecution in favor of defendant." Bacon v. Kirk (Oct. 31, 2000), 3rd Dist. No. 1-99-33, unreported (citation omitted). The record makes clear that the prosecution in this case was not terminated in favor of the defendant. Appellant was convicted of the charges, and that conviction was upheld on appeal to this Court. State v. Hawk, Allen App. No. 1-06-54, 2004-Ohio-922. Therefore, her claim of malicious prosecution is not cognizable.
 {¶ 13} Moreover, appellant has not articulated a viable conspiracy claim, the sole allegation made against Appellee Chamberlain. Appellant cannot rely on vague allegations to support her claim of civil conspiracy. Rather, she must allege that individuals involved in the conspiracy have acted in a manner that would create a right of action, absent the conspiracy. Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, 300
— 01. In other words, "there must be an underlying unlawful act which is actionable in the absence of a conspiracy." Gosden v.Louis (1996), 116 Ohio App.3d 195, 220. "[A]n otherwise lawful act is not made unlawful merely because two or more persons have joined together to commit it in hopes of causing injury to the plaintiff, even if they succeed." Id. at 301, citing Palmer,supra. Appellant has failed to allege an unlawful act that is actionable in this case because the survival of her criminal conviction precludes her from bringing a claim for malicious prosecution. When the substantive claims underlying the conspiracy claim are without merit, the conspiracy claim must also fail. Brose v. Bartlemay (April 16, 1997), 1st Dist. No. C-960423, A-9105270, unreported, citing Minarik v. Nagy (1963),8 Ohio App.2d 194, 195.
 {¶ 14} Based on the foregoing, Appellant has failed to state a claim against Chamberlain for which she is entitled to relief. Furthermore, she has failed to allege any facts which would permit her to pierce Chamberlain's immunity from civil suit as a public defender.
 {¶ 15} Accordingly, we find that the trial court properly granted appellees' motions to dismiss pursuant to Civ.R. 12(B)(6). Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Bryant and Rogers, JJ., concur.
[1] The remaining defendants include AEP, Asplundh, and their respective employees. These defendants are not part of the present appeal.